## GEORGE MANCHESTER v. STATE.

No. A-7817.   Opinion Filed Feb. 28, 1931.
(296 Pac. 525.)

Harry C. Kirkendall, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Garfield county on a charge of murder and his punishment fixed at life imprisonment.

The record discloses that at the time charged defendant shot and killed his wife, Louise Manchester. Defendant at the time of the homicide was about 30 years of age

and had been married to deceased for about a year. He had formerly served some time in the army, but became insane in 1916 and for a time was in a government hospital for the insane. He was discharged in 1917. After his discharge he followed various occupations, but for some time prior to the homicide was a cook. Just prior to the homicide his wife had not lived with him for some time and she was at a disreputable hotel or rooming house at Enid, probably engaged in part in prostitution. Defendant had attempted to have her leave this place and live with him. On the day of the homicide, having previously procured a pistol and ammunition at a hardware store, he went to this place, procured his wife to go out with him, and while walking along the street, holding her with his left hand, he emptied the pistol, firing six shots into her body. He then left the scene, but was soon arrested. The defense was insanity. Defendant testified fully and apparently was a fairly intelligent witness. The substance of his testimony as to the act of homicide was that he went to the rooming house where his wife stayed, got her to go out with him, and as they were walking along he observed that she waved to a negro porter. That he questioned her about it, and it made him so mad that he did not know what he did then and did not remember anything further until he was arrested. The complete record of the government hospital relating to the previous insanity of defendant is in the record and some physicians testified as experts. No exceptions were taken and no complaint is made of the court's instructions which cover fully the law of insanity.

The contention is made that a witness was permitted to testify whose name was not served on defendant nor his name indorsed on the information. This witness was used in rebuttal and it was not necessary that his name be either served or indorsed. It is also urged that the

sheriff who was a witness was permitted to summon talesmen for the jury. The record shows nothing as to the summon or impaneling of the jury. It does not appear that any talesmen were summoned or used. An assignment of error not supported by the record is of no avail. Error is not presumed; on the contrary, this court will presume that all proceedings in a court of record were regular. The burden is on the defendant to show clearly the irregularity complained of and that he was prejudiced thereby.

The contention made is largely one of fact. That is, that the insanity of defendant is so conclusively shown the judgment should not be permitted to stand. While the evidence is that the jury might have concluded that defendant was insane at the time he committed the homicidal act, yet we cannot say from the record that the jury was not fully justified in finding defendant sane to the degree rendering him responsible for his criminal act.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.