## CHARLEY BROWN v. STATE.

No. A-7805.   Opinion Filed June 19, 1931.
(300 Pac. 1001.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted of driving an automobile while intoxicated, and was sentenced to pay a fine of $150.

At the time charged, defendant, accompanied by his brother and two young women, drove to a cafe in the city of Perry.  When the party came out, an officer arrested defendant and took a half pint of whisky from his pocket. He then examined the car and found in it two or three empty pint bottles, and a fruit jar that had contained whisky.  Defendant and his brother denied that defendant was intoxicated, but admitted they had taken a drink just before coming into the cafe.  The young women did not testify.  Although there is some conflict, the evidence amply sustains the judgment.

It is argued at some length that the court erred in refusing defendant's requested instruction defining the term "under the influence of intoxicating liquor."  In the case of Ware v. State, 47 Okla. Cr. 434, 288 Pac. 374, this court held it was not necessary to define this term.

The contention is also made that there was misconduct on the part of the trial judge in intimating to the jury, after the case had been finally submitted, that he de-

sired a speedy verdict. While the jury was deliberating, but the time of such deliberation not being made to appear, they were called into court and the trial judge asked them if they had reached a verdict, and being informed they had not, he questioned them as to whether there was any misunderstanding of the instructions or if the court could assist them, and in his remarks stated that his train left at a certain time, that he had hoped to get away on it but advised them, however, that he would stay over if necessary, and that they should not rush or hurry but take whatever time was necessary. No objection or exceptions were taken to this statement of the court, nor does the record disclose how much longer the jury deliberated before agreeing on a verdict. The record on this point presents no question for this court. The rule is well settled that after a conviction on appeal, every presumption will be indulged in favor of the regularity of the proceedings, and that errors or irregularities must be affirmatively made to appear. Manchester v. State, 50 Okla. Cr. 101, 296 P. 525.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.