## THOMPSON *v.* STATE

[No. 75, September Term, 1962.]

114 

*Decided December 4, 1962.*

The cause was argued before HENDERSON, HAMMOND, HOR-NEY, MARBURY and SYBERT, JJ.

*Charles E. Howard, Jr.,* for appellant.

*Russell R. Reno, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Don-nell* and *Joseph G. Koutz, State's Attorney* and *Deputy State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The defendant (Herbert A. Thompson) was convicted by a jury of rape and murder in the first degree without capital punishment and was sentenced to life imprisonment for each crime. He appealed.

On a morning in the latter part of November of 1961, the body of a woman in her fifties was found on a vacant lot in Baltimore City. She had been last seen on the preceding night leaving a tavern in the vicinity of the lot where her body was found. The autopsy, besides indicating acute alcoholism and recent intercourse, revealed that the woman had died as a result of injuries to her pelvis and vagina and exposure. She had also sustained injuries to her face which were of a type generally associated with suffocation.

The defendant was arrested about two weeks later, and, after questioning by the police, admitted having had intercourse with the intoxicated woman after he had ripped off her panties and she had told him to stop and had scratched his face. Immediately after the confession was signed, the defendant was photographed as a matter of routine, and shortly thereafter accompanied the police to the scene of the crime and pointed out the place where he had raped the victim.

On the Saturday before the Monday on which the cases had been assigned for trial, the defendant, pursuant to Maryland Rule 728 (Discovery and Inspection), filed a motion seeking, among other things, a list of all witnesses the State intended to use at the trial, but, because of the intervening Sunday, the motion was not brought to the attention of the State's Attorney until the morning of the trial. The State, with permission of the court, complied with the demand by orally listing the names of the witnesses that appeared on the back of the indictments. At the same time, the defendant was further informed that photographs of the deceased had been taken in connection with the cases and that, if it became necessary, the State would expect to call certain named officers of the crime laboratory as witnesses, but did not name the officer subsequently called as a rebuttal witness to identify photographs of the defendant.

At the trial, the defendant, claiming that he had been severely beaten from time to time by the police while he was being questioned by them, objected to the admission of the confession into evidence on the ground that it had been induced by violence and fear and was therefore involuntary. But, when the trial court had finished hearing evidence on behalf of the State as to the voluntary character of the confession and on behalf of the defendant to the contrary, the objection was overruled, and the issue was ultimately allowed to go to the jury.

After the State had presented its case in chief, the defendant took the stand and testified that at the time the crimes were committed he was elsewhere than at the place they were perpetrated, and, having presented other evidence tending to corroborate the alibi, the defendant concluded his case.

In rebuttal, the State called as a witness an officer of the crime laboratory (but not one of those it had previously indicated might be called as a witness to identify photographs of the victim), who had taken photographs of the defendant immediately after he had signed the confession. Over objection, the State was permitted to introduce the photographs in evidence for the purpose of showing that at the time they were

taken the body of the defendant bore no evidence of having received a beating. No point was made on appeal with respect to the admission of the confession in evidence, and so far as the record discloses, no point was made of the fact that the rebuttal witness was not called at the preliminary inquiry concerning the voluntary character of the confession.

The only contentions on appeal are: (i) that the trial court erred when over objection it admitted in evidence (through a rebuttal witness who had not been listed as a witness) the photographs showing the physical condition of the defendant at the time he made the confession; and (ii) that the evidence did not show that specific intent to rape or to murder which is necessary to sustain a conviction for either crime.

### (i)

On the first point, the claim that the judgment should be reversed is evidently based on the theory that Rule 728 is a rule of evidence which, under the circumstances, prohibited the admission of the photographs. We do not agree.

At common law an accused was not entitled to a list of witnesses. But under earlier federal and state statutes, the accused, in certain classes of cases, was entitled to a list of witnesses to be presented on the trial for proving the indictment in time to prepare for his defense. In some jurisdictions such statutes were held to be mandatory, and, if not waived, precluded the calling of other witnesses for the purposes named in the statute, but the rule in this State seems to have been to the contrary. See *Schaumloeffel v. State,* 102 Md. 470, 62 Atl. 803 (1906). Though it appears not to have been required by statute, there has been a long standing practice in this State to list the state witnesses on the back of the indictment. And eventually in this, as in most other states, the rule permitting the accused to obtain a list of witnesses before trial was extended to all classes of cases either by statute or a procedural rule. In this State, Rule 728 a 3 provides in pertinent part that the court, upon motion of the defendant, may order the State's Attorney to "furnish the defendant a list of the names and addresses of the witnesses whom the State intends to call to prove its case in chief."

The defendant, relying on the fact that he had asked for a list of *all* the witnesses the State *intended to use* at the trial, insists that the photographs should have been excluded. But, inasmuch as the witness, who was called in rebuttal, not in chief, to rebut the testimony of the defendant that the confession was the result of police brutality, did not come within the purview of the rule, it is not necessary to decide in this case whether Rule 728 a 3 is a rule which would require exclusion of the photographs.

Under a statute or rule affording a defendant in a criminal case the right to demand a list of witnesses the State intends to present or call, the use of such phrases therein as "for proving the indictment," or "to prove its case in chief," or words to that effect, ordinarily refer, as they clearly do in this case, to witnesses relied on to prove the criminal charge and not to witnesses called to rebut testimony produced on behalf of the defendant. Furthermore, rebuttal witnesses, being outside the scope of the rule, need not be named in the list. 6 Wigmore, *Evidence* (3d ed.), § 1854; 23 C.J.S. *Criminal Law,* § 949a. See also *Manchester v. State,* 296 Pac. 525 (Okla. Cr. 1931); *Gordon v. United States,* 289 Fed. 552 (D.C. App. 1923); *Goldsby v. United States,* 160 U. S. 70 (1895).

(ii)

The second contention that the State failed to prove a specific intent to rape and murder is likewise without substance.

With respect to murder, there is no requirement that a specific intent be shown when the crime is committed in the perpetration of a rape. Code (1957), Art. 27, § 410; *Lipscomb v. State,* 223 Md. 599, 165 A. 2d 918 (1960).

As to the rape, since there was evidence that the defendant had a deliberate design to have intercourse with the intoxicated woman either with or without her consent, and also evidence that the intercourse had been accomplished by force and without her consent, there was a clear showing of the intent to rape. And the evidence was sufficient to establish beyond a reasonable doubt the guilt of the defendant. See *Hazel v. State,* 221 Md. 464, 157 A. 2d 922 (1960); *Merchant v. State,* 217 Md. 61, 141 A. 2d 487 (1958).

The suggestion that the State failed to rebut the alibi of the defendant was refuted by his confession. And since there is nothing in the record showing that the points referred to in the oral argument were raised below and, in any event, were not presented in the brief, they will not be considered.

Finding no error, the judgments will be affirmed.

*Judgments affirmed.*