200 N.J. Super. 327 (1984)
491 A.2d 733
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CULLEN DARBY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1984.
Decided November 19, 1984.
*329 Before Judges FRITZ, GAULKIN and LONG.
Richard Sasso argued the cause for appellant (Joseph H. Rodriguez, Public Defender, attorney; Theodore E. Schiller, Designated Counsel, on the brief).
Linda J. Wharton, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General, attorney).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first-degree robbery (N.J.S.A. 2C:15-1a(2)), attempted murder (N.J.S.A. 2C:5-1a; N.J.S.A. 2C:11-3), aggravated assault (N.J.S.A. 2C:12-1b(1)), possession of hollow nose bullets (N.J.S.A. 2C:39-3f) and possession of a defaced firearm (N.J.S.A. 2C:39-3d).

I
The State's case rested on proofs that defendant, while armed with a handgun, robbed some $17,000 from employees of a Shop Rite supermarket. As defendant exited the market parking *330 area in his car, he was chased by a police car driven by Patrolman Vincent Aiello. The chase led ultimately into a deadend street where defendant exited his car, approached the police vehicle, fired two shots at Patrolman Aiello and escaped on foot.
Count Two of the indictment charged that defendant did "purposely and knowingly attempt to cause death or serious bodily injury resulting in death to PATROLMAN VINCENT AIELLO by shooting at him with a handgun." In instructing the jury, the trial judge did not present Count Two as charging an attempt to commit purposeful or knowing murder (N.J.S.A. 2C:11-3a(1), (2)), but rather as charging attempted "felony murder" (N.J.S.A. 2C:11-3a(3)). Although no objection was made at trial, defendant urges plain error (R. 2:10-2) because attempted felony murder "is not a crime."
The judge informed the jury that it must decide "whether or not the defendant did ... attempt to commit the crime of felony murder in violation of the attempt statute, namely, N.J.S.A. 2C:5-1." He read to the jury the statutory definitions of criminal attempt (N.J.S.A. 2C:5-1a) and felony murder (N.J.S.A. 2C:11-3a(3)) and then undertook to weave those definitions together:
A person is guilty of a felony murder if he is engaged in the commission of or in an attempt to commit or flight after committing or attempting to commit  here we're dealing with robbery  and in the course of or in the furtherance of such crime or of immediate flight thereafter any person attempts to cause the death of a person other than one of the participants.
Now, in order to find the defendant, Cullen Darby guilty of felony murder, the State would be required to prove each of the following elements beyond a reasonable doubt. You understand that he is not charged with the crime of felony murder, it's an attempt.
Now, in order to understand the attempt I must give you the elements of the charge that he is accused of attempting to perform. Now, as far as felony murder is concerned, the elements are as follows: Number one, the defendant was in the course of committing a robbery; number two, that while in the course of committing or flight after committing or in attempting to commit the robbery the defendant caused the death of a person. Here again it is not alleged that he did commit the death of a person. It says that he attempted. Number three, that Patrolman Vincent Aiello was not a participant in the robbery. A participant is one who participates or shares in that crime.
....

*331 In addition to proving beyond a reasonable doubt that the defendant was in the course of committing a robbery, the State must also prove beyond a reasonable doubt that while in the course of committing the robbery the defendant attempted to cause the death of Patrolman Aiello. Again, in this count of the indictment it is alleged that the defendant was armed with a deadly weapon, to wit, a.38 caliber Iver-Johnson handgun while in the course of committing the alleged robbery.
....
The second element of the crime is that he purposely does an act constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. Remember what I have said before, however, conduct shall not be held to constitute a substantial step unless it is strongly corroborative of the actor's criminal purpose. This means that you must find that his conduct was guided by a criminal purpose. This makes it necessary for you to make a practical application. You must consider only that act or those acts of the defendant as a substantial step, or substantial steps, which progress or advance very near to the accomplishment of the intended crime to constitute a criminal attempt to commit the crime here, namely, felony murder. It or they must be immediately and not remotely connected with and directly related to the commission of the principal offense, here, felony murder. The fact, however, that further major steps must be taken before the crime can be completed does not prevent you from finding that the step or steps already undertaken are substantial.
This description of the purported crime of attempted felony murder is manifestly unintelligible. But the problem is not in the trial judge's articulation. The fact is that the concepts of attempt and felony murder cannot rationally be joined.
Felony murder requires only a showing that a death was caused during the commission of (or attempted commission or flight from) one of the crimes designated in the statute. The State need not prove that the death was purposely or knowingly committed; a wholly unintended killing is murder if it results from the commission of the underlying felony. A criminal attempt, on the other hand, involves a "purpose" to cause a particular result or "purposely" taking a "substantial step in a course of conduct planned to culminate in [the] commission of the crime." N.J.S.A. 2C:5-1a. A felony murder, i.e., a death caused neither knowingly or purposely, is by definition not a result which is purposely planned. "Attempted felony murder" is a self-contradiction, for one does not "attempt" an unintended result. Accord, People v. Viser, 62 Ill.2d 568, 343 N.E.2d 903 (1975) (holding that attempted felony murder cannot be *332 charged because "[t]here is no such criminal offense as an attempt to achieve an unintended result.")
In arguing for the contrary conclusion, the State concedes that the mere commission or attempted commission of the underlying felony would not alone permit a finding of attempted felony murder. As we understand it, the State's position is that attempted felony murder requires proof of the underlying felony and of an "attempt," i.e. a further "substantial step," purposely planned to culminate in death or serious bodily injury. See N.J.S.A. 2C:5-1a(3). But if the State alleges that defendant took a substantial step in a course of conduct planned to culminate in death or serious bodily injury, then attempted murder can be charged under N.J.S.A. 2C:5-1a and N.J.S.A. 2C:11-3a(1) or (2). To frame that charge as attempted felony murder is not only unnecessary but, as the jury instruction here illustrates, unavoidably confusing and misleading.
We therefore conclude that the Count Two attempted murder conviction must be reversed. However, we reject defendant's contention that the error on Count Two infects all of the remaining convictions. Here, unlike State v. Christener, 71 N.J. 55 (1976), the evidence amply supported jury consideration of the attempted murder charge; although the jury's consideration was tainted by the erroneous instruction, the submission of the issue to the jury did not have any unfair tendency to encourage a compromise verdict.

II
[The court here considered and rejected several other challenges to the convictions.]
III
On the armed robbery conviction defendant was sentenced as a persistent offender (N.J.S.A. 2C:44-3a) to an extended term of life imprisonment with 25 years of parole ineligibility; on the attempted murder conviction he was sentenced to a consecutive extended term of 20 years with 10 years of parole ineligibility. *333 Concurrent terms were imposed on the convictions for possession of a defaced firearm and hollow nose bullets, and the aggravated assault conviction was merged into the attempted murder conviction. Defendant urges that these sentences are both illegal and excessive.
The State concedes that the imposition of two extended terms is in direct violation of N.J.S.A. 2C:44-5a. That illegality is remedied, of course, by our reversal of the attempted murder conviction and sentence. We can now only pass upon the alleged excessiveness of the armed robbery sentence and the concurrent sentences for the possessory crimes: given the nature of those offenses and defendant's prior criminal history, those sentences are amply justified. State v. Roth, 95 N.J. 334 (1984); State v. Hodge, 95 N.J. 369 (1984).

IV
The Count Two conviction of attempted murder is reversed. The Count Three aggravated assault conviction, previously merged into the Count Two conviction, is reinstated. Counts Two and Three are remanded to the Law Division for further proceedings consistent with this opinion. In all other respects the judgment of conviction is affirmed.