566 A.2d 103

Leon BRUCE a/k/a Anthony Bruce

v.

STATE of Maryland.

No. 9, Sept. Term, 1989.

Court of Appeals of Maryland.

Nov. 28, 1989.

Gary S. Offutt, Asst. Public Defender, Baltimore, Alan H. Murrell, Public Defender and Kathleen M. Brown, Assigned Public Defender, Towson, on brief, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen., J. Joseph Curran, Jr., Atty. Gen., Baltimore, on brief, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

MURPHY, Chief Judge.

The question presented is whether "attempted felony murder" is a crime in this State.

## I.

On December 2, 1986, three men entered Barry Tensor's shoe store. One man, later identified as Leon Bruce, was masked and armed with a handgun. He ordered Tensor to open the cash register. One of Bruce's confederates jumped over the counter, and emptied the drawer of its money. Tensor was then ordered to open a second register. Upon finding it empty, Bruce demanded to know where the money could be found. Tensor testified:

"I said it's empty, that is all there is and then he took the gun and aimed it right at my face, at my head. And he said I'm going to kill you in a very serious voice, and the gun was continuously held right at my face.

"At that point, I was incredibly afraid and I just tucked my head down and kind of tried to get out of the way and ducked down and moved forward. And at that point, I guess I banged into him or something and he shot me."

Tensor was hospitalized for five weeks from a gunshot wound to his stomach.

On March 10, 1987, Bruce was charged by criminal information with attempted first degree murder, robbery with a deadly weapon, and two counts of unlawful use of a handgun. A jury in the Circuit Court for Baltimore City found him not guilty of attempted first degree premeditated murder, guilty of attempted first degree felony murder, guilty of robbery with a deadly weapon, and guilty of the two handgun charges. The presiding judge (Noel, J.) subsequently granted Bruce's motion for a new trial on all charges. He concluded that his jury instructions pertaining to attempted felony murder were erroneous because no such offense existed under Maryland law.

Bruce was tried a second time before a jury in the Circuit Court for Baltimore City (Ross, J., presiding). Again, he was found guilty of attempted felony murder, robbery with a deadly weapon, and upon the two handgun violations. For the attempted felony murder conviction, Bruce was sentenced to a life term to run consecutively to all outstanding sentences, and to twenty years for using a handgun in the commission of a crime of violence. Bruce's other handgun conviction, as well as that for armed robbery, was merged into the attempted felony murder conviction.

On appeal to the Court of Special Appeals, Bruce argued that attempted felony murder was not a crime in Maryland. We granted certiorari prior to decision by the intermediate appellate court to consider the significant issue raised in the case.

## II.

Maryland Code (1982 Repl.Vol.), Article 27, § 407 provides that murder "perpetrated by means of poison, or lying in wait, or by any kind of wilful, deliberate and premeditated killing shall be murder in the first degree." Section 410—the so-called felony murder statute—provides that all murder committed in the perpetration of, or attempt to

perpetrate, certain designated felonies, of which robbery is one, is also murder in the first degree. These statutes do not create new statutory crimes but rather divide the common law crime of murder into degrees for purposes of punishment. *See Hook v. State*, 315 Md. 25, 28, 553 A.2d 233 (1989); *Campbell v. State*, 293 Md. 438, 441, 444 A.2d 1034 (1982); *Wood v. State*, 191 Md. 658, 666, 62 A.2d 576 (1948).

We observed in *Veney v. State*, 251 Md. 159, 174, 246 A.2d 608 (1968), *cert. denied*, 394 U.S. 948, 89 S.Ct. 1284, 22 L.Ed.2d 482 (1969), that at common law "a killing in the perpetration of a robbery was murder, regardless of intent." *See also Stansbury v. State*, 218 Md. 255, 260, 146 A.2d 17 (1958); Clark and Marshall, *Crimes* § 245 (4th ed. 1940). To secure a conviction for first degree murder under the felony murder doctrine, the State is required to prove a specific intent to commit the underlying felony and that death occurred in the perpetration or attempt to perpetrate the felony; it is not necessary to prove a specific intent to kill or to demonstrate the existence of wilfulness, deliberation, or premeditation. *Hook v. State, supra*, 315 Md. at 31, 553 A.2d 233; *State v. Frye*, 283 Md. 709, 712–13, 393 A.2d 1372 (1978); *Newton v. State*, 280 Md. 260, 269, 373 A.2d 262 (1977); *Thompson v. State*, 230 Md. 113, 117, 186 A.2d 461 (1962); *Thomas v. State*, 206 Md. 575, 581–82, 112 A.2d 913 (1954). As we said in *Jackson v. State*, 286 Md. 430, 435, 408 A.2d 711 (1979), "homicide arising in the perpetration of, or in the attempt to perpetrate, a felony is murder whether death was intended or not, the fact that the person was engaged in such perpetration or attempt being sufficient to supply the element of malice."

### III.

In determining whether attempted felony murder is a crime in Maryland, we note that criminal attempts are common law misdemeanors in Maryland, applicable to any existing crime, whether statutory or common law. *Cox v. State*, 311 Md. 326, 329–30, 534 A.2d 1333 (1988); *Young v.*

*State,* 303 Md. 298, 301, 493 A.2d 352 (1985); *Hardy v. State,* 301 Md. 124, 139, 482 A.2d 474 (1984). Under Maryland law, a criminal attempt consists of a specific intent to commit the offense coupled with some overt act in furtherance of the intent which goes beyond mere preparation. *Cox, supra,* 311 Md. at 330, 534 A.2d 1333 and cases there cited.

In *Cox,* the question presented was whether an individual could be convicted of attempted voluntary manslaughter. Recognizing that criminal attempt is a specific intent crime, we held that an individual may be convicted of the crime of attempted voluntary manslaughter since the substantive offense is "an *intentional* homicide, done in a sudden heat of passion, caused by adequate provocation." *Id.* at 331, 534 A.2d 1333 (emphasis in original). On the other hand, we noted that involuntary manslaughter is an *"unintentional* killing done without malice, by doing some unlawful act endangering life, or in negligently doing some act lawful in itself"; accordingly, we held that it may not form the basis of a criminal conviction for attempt. *Id.* at 332, 534 A.2d 1333 (emphasis in original).

### IV.

■ The elements of wilful, deliberate and premeditated attempted murder in the first degree are the intent to commit the offense and some overt act towards its commission. *State v. Holmes,* 310 Md. 260, 271–72, 528 A.2d 1279 (1987). In that case, we distinguished this species of first degree murder from murder committed in the perpetration of one of the felonies enumerated in the felony murder statute. As we said earlier, the criminal intent requisite to proving a felony murder is the specific intent to commit the underlying felony. Because a conviction for felony murder requires no specific intent to kill, it follows that because a criminal attempt is a specific intent crime, attempted felony murder is not a crime in Maryland.

The majority of jurisdictions which have considered the question have concluded that "attempted felony murder" is

not a crime. *See, e.g., People v. Franklyn,* 157 Cal.App.3d 518, 203 Cal.Rptr. 813, 824 (1984); *People v. Viser,* 62 Ill.2d 568, 343 N.E.2d 903, 910 (1975); *Head v. State,* 443 N.E.2d 44, 51 (Ind.1982); *State v. Darby,* 200 N.J.Super. 327, 491 A.2d 733, 736 (1984), *cert. denied,* 101 N.J. 226, 501 A.2d 905 (1985); *State v. Price,* 104 N.M. 703, 726 P.2d 857 (1986); *People v. Hassin,* 48 A.D.2d 705, 368 N.Y.S.2d 253, 254 (1975); *Commonwealth v. Griffin,* 310 Pa.Super. 39, 456 A.2d 171, 177–78 (1983); *State v. Maestas,* 652 P.2d 903, 904 (Utah 1982).

In *People v. Viser, supra,* 343 N.E.2d at 910, the Supreme Court of Illinois said:

"There can be no felony murder where there has been no death, and the felony murder ingredient of the offense of murder cannot be made the basis of an indictment charging attempted murder. Moreover, the offense of attempt requires an 'intent to commit a specific offense', while the distinctive characteristic of felony murder is that it does not involve an intention to kill. There is no such criminal offense as an attempt to achieve an unintended result." (Citations omitted.)

Similarly, the Supreme Court of Indiana flatly concluded that "absent death the applicability of the felony murder rule is never triggered." *Head v. State, supra,* 443 N.E.2d at 50. The Court of Appeals of New Mexico, noting the absence of a mens rea (an intent to kill) in a felony murder prosecution, has held that even when a specific intent to kill is established, the felony murder rule is not applicable to an attempted murder. *State v. Price, supra.* And the court in *State v. Darby, supra,* 491 A.2d at 736, bluntly stated that "the purported crime of attempted felony murder is manifestly unintelligible.... The fact is that the concepts of attempt and felony murder cannot rationally be joined."

These holdings are fully in accord with the rationale advanced by LeFave & Scott, *Criminal Law,* § 6.2 at 500 (2nd ed. 1986):

"Some crimes, such as murder, are defined in terms of acts causing a particular result plus some mental state

which need not be an intent to bring about that result. Thus, if A, B, C, and D have each taken the life of another, A acting with the intent to kill, B with an intent to do serious bodily injury, C with a reckless disregard of human life, and D in the course of a dangerous felony, all three are guilty of murder because the crime of murder is defined in such a way that any one of these mental states will suffice. However, if the victims do not die from their injuries, then only A is guilty of attempted murder; on a charge of attempted murder it is not sufficient to show that the defendant intended to do serious bodily harm, that he acted in reckless disregard for human life, or that he was committing a dangerous felony. Again, this is because intent is needed for the crime of attempt, so that attempted murder requires an intent to bring about that result described by the crime of murder (i.e., the death of another)."

Reaching a contrary result is *Amlotte v. State*, 456 So.2d 448 (Fla.1984) (attempted felony murder is a valid crime). *See also White v. State*, 266 Ark. 499, 585 S.W.2d 952, 954 (1979) (recognizing the existence of attempted felony murder under that state's statutory definition of attempt, but noting a distinction from precode cases).

The State maintains that because the evidence in the case sufficiently supported a finding that Bruce harbored a specific intent to kill Tensor, the crime of attempted felony murder was necessarily established. But, as we have said, the criminal intent necessary to convict for attempted murder requires, as one of its essential elements, a specific intent to kill. Consequently, as Maryland does not recognize attempted felony murder as a crime, Bruce's conviction for committing that non-existent offense must be reversed. Bruce's convictions for armed robbery, as well as the handgun violations, are unaffected by our holding in this case. Since the court merged the armed robbery conviction into the now vacated conviction for attempted felony murder, we shall remand the case for sentencing on the armed robbery count.

AS TO THE CONVICTION OF ATTEMPTED FELONY MURDER: JUDGMENT REVERSED; AS TO THE CONVICTION FOR ARMED ROBBERY: CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR IMPOSITION OF SENTENCE ON THE ARMED ROBBERY COUNT; COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

McAULIFFE, Judge, dissenting.

The jury in this case found that Leon Bruce, in the course of committing a robbery, shot Barry Tensor in the chest with the specific intent to kill him. Had Tensor died, Bruce would have been guilty of murder in the first degree. *Ross v. State*, 308 Md. 337, 341–42, 519 A.2d 735 (1987). The fact that Tensor did not die does not absolve Bruce of liability for his dangerous and deadly action. Rather, it changes the nature of the offense from murder in the first degree to attempted murder in the first degree.

There are complications inherent in applying the law of attempt to the concept of felony murder. By mechanical application of established principles, one might, in a facially logical manner, reach the result that every assault committed in the course of an enumerated felony is punishable as an attempted first degree murder. The rationale for that result is that if the victim had died, the result would be first degree murder, and because the defendant had taken every step necessary to commit such a crime, the failure of the victim to die should operate only to change the crime to an attempt. The majority properly rejects that possibility. Our cases have consistently held that proof of an attempt requires proof of a specific intent to commit the underlying crime. *See, e.g., Cox v. State*, 311 Md. 326, 330, 534 A.2d 1333 (1988); *Young v. State*, 303 Md. 298, 302–03, 493 A.2d 352 (1985). That portion of the felony murder concept which obviates the need for a specific intent to kill cannot logically be transplanted into the law of attempt.

No such abstruse application of the law is suggested by this case. Here, the trial judge correctly instructed the jury

that in order to find the defendant guilty of attempted murder, they were required to find that Bruce harbored a specific intent to kill Tensor at the time he shot him.[1] The relevant instructions given were:

In order for one to be guilty of attempted murder in the first degree, three things must be shown: it must be shown that the person intended to kill the victim without excuse or justification or circumstances of mitigation. It has to be a specific intent to kill the victim without excuse, without justification, and without circumstances of mitigation. That's the first thing.

Then it must be shown that that—that a substantial step was taken toward the commission of that crime. A substantial step toward intentionally killing that human being.

And third, in order for it to be attempted murder in the first degree, that intent and that substantial step or act toward the commission must occur during the course of the commission of the crime of robbery or robbery with a dangerous or deadly weapon.

Those are the three elements that must be proved in order for there to be guilt of attempted murder in the first degree. A specific intent to kill the victim without excuse or justification, a substantial step toward the commission, toward carrying out that intent, and both the intent and the substantial step or act must occur during the course of the commission of the crime of robbery or robbery with a dangerous or deadly weapon.

---

**1.** Although the trial judge told the jury that his instructions concerning the crime of attempted murder in the first degree were advisory, both attorneys agreed, and argued to the jury, that if the offense existed in this State a specific intent to kill was an essential element of the offense. Bruce's attorney took advantage of the advisory nature of the instruction to argue that the crime of "attempted felony murder" does not exist. The argument relating to this offense actually bore on the question of whether the shooting was accidental or intentional. The jury's verdict necessarily evidences a finding that the requisite specific intent to kill was proved beyond a reasonable doubt.

That instruction is in accordance with our statement in *Young v. State,* 303 Md. 298, 311, 493 A.2d 352 (1985) that:

A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which constitutes a substantial step toward the commission of that crime whether or not his intention be accomplished.

Accepting, as I have, and as the trial judge did below, the premise that a specific intent to kill is a necessary element in any attempted murder, the sole remaining question is whether the fact that the murder was attempted during the perpetration, or attempted perpetration, of an enumerated felony operates to make it an attempted murder in the first degree. History and logic compel the conclusion that it does.

At common law, all murder was punishable by death. In 1809, in recognition of the fact that the several forms of murder varied greatly in degree of atrociousness, and with an express desire to match the penalty to the seriousness of the offense, our legislature divided murder into degrees. *Ross v. State, supra,* 308 Md. at 340–41, 519 A.2d 735; *Hardy v. State,* 301 Md. 124, 137, 482 A.2d 474 (1984). The legislature considered the following circumstances sufficiently egregious to warrant inclusion of the offense within the highest degree: murder perpetrated by means of poison, or by lying in wait, or any kind of wilful, deliberate and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, certain enumerated felonies. *Ross, supra,* 308 Md. at 341, 519 A.2d 735. All other murder was murder in the second degree. No significant change in the treatment of this aspect of the law of murder has been made in the intervening 180 years. *See* Maryland Code (1957, 1987 Repl.Vol.) Art. 27, §§ 407–411.

It is entirely logical to conclude that an attempted murder committed under the aggravating circumstances singled out by the legislature should be treated as an attempted murder in the first degree. Certainly this is true of attempted premeditated murder. *Hardy, supra,* 301 Md. at 137, 482

A.2d 474. It should be no less true of an attempted murder committed during the perpetration of an enumerated felony, provided that there exists a specific intent to kill. This portion of the concept of felony murder, embracing as it does the clear intent of the legislature, translates very nicely into the law of attempts. As Judge Cole wrote for the Court in *Hardy, supra,* 301 Md. at 139–40, 482 A.2d 474:

> If the evidence satisfies the fact finder by proof beyond a reasonable doubt that the conduct of the defendant falls within the proscribed conduct in the statute labeled as first degree murder that did not result in death of the victim, then the crime of attempted murder in the first degree has been established. If the evidence of criminal culpability is something less, the crime proved may be attempted murder in the second degree or attempted voluntary manslaughter. We emphasize that the basic characteristic of an attempt is that it adjusts according to the proof established at trial.

I would affirm the judgment of the trial court.