**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0832-19T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HUMPHREY COHEN,

    Defendant-Appellant.

_____

Submitted January 6, 2021 – Decided February 4, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 83-03-1433.

Humphrey Cohen, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Humphrey Cohen, who is pro se, appeals from a July 29, 2019 order that denied his motion under Rule 3:21-10(b) to correct an illegal sentence. We affirm the order.

I.

The procedural history and facts of this case are set forth in our published opinion on defendant's direct appeal, State v. Cohen, 211 N.J. Super. 544 (App. Div. 1986), in which we affirmed defendant's sentence and conviction. In 1984, defendant was found guilty of felony murder, N.J.S.A. 2C:11-3(a)(3) (count one); purposeful and knowing murder, N.J.S.A. 2C:11-3(a)(1)(2) (count two); first-degree robbery, N.J.S.A. 2C:15-1 (count three); and unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count four). These counts carried the potential of a death sentence penalty. See Cohen, 211 N.J. Super. at 547.

In May 1984, defendant was sentenced to life imprisonment with thirty years of parole ineligibility on count two and fifteen years with seven years and six months of parole ineligibility on count three. The sentences were to run consecutively for an aggregate sentence of life in prison with thirty-seven years and six months of parole ineligibility. The sentencing judge merged the felony murder charge with the purposeful and knowing murder charge for purposes of sentencing. Defendant's conviction for unlawful possession of a weapon merged

with his conviction for first-degree robbery. For the robbery charge, defendant was sentenced to fifteen years' imprisonment with a seven-and-a-half-year ineligibility period to run consecutive to the murder sentence.

In November 1989, defendant filed the first of eight petitions for post-conviction relief (PCR),[1] all of which were denied. Our Supreme Court denied certification as to all eight petitions. Although it is unclear from the record, at some point defendant also filed a motion to correct an illegal sentence, which we denied. State v. Cohen, No. A-2599-16 (App. Div. 2018) (slip op. at 3).

On February 28, 2019, defendant again moved to correct what he alleged to be an illegal sentence. Defendant argued his sentence was illegal for four reasons: (1) the trial court failed to instruct the jury that "a death caused purposely or knowingly does not fall under felony murder" and "it was illegal to convict [him] of both felony murder and purposeful and knowing murder[,] and to merge the crime of felony murder with . . . purposeful and knowing murder"; (2) since his "felony murder conviction was dependent on [his] conviction[s] for intentional murder and . . . first degree robbery[,] . . . all counts should have merged"; (3) "the jury was not instructed on 'deliberate' or 'willful' murder and there is no evidence to suggest that [he] deliberately or willfully

---

[1] None of the eight PCR petitions were provided in the record on appeal.

A-0832-19T3

caused the death of the victim"; and (4) his "sentencing hearing was illegal because the sentencing court did not convene a second sentencing hearing after the jury rejected the death penalty."

In a cogent, five-page written decision, the trial court denied defendant's motion, finding a death caused purposely or knowingly during the commission of a robbery can constitute felony murder under N.J.S.A. 2C:11-3(a)(3) and State v. Arriagas, 198 N.J. Super. 575 (App. Div. 1985). As to defendant's contention that it was illegal to convict him of both purposeful and knowing and felony murder, the trial court cited N.J.S.A. 2C:1-8(a) and determined

> . . . where a defendant causes the death of another purposefully and knowingly while committing, attempting to commit, or in flight from the commission or attempted commission of a robbery, he is guilty of felony murder as well as purposeful and knowing murder. Therefore, there are no inconsistencies of fact required to establish the commission of felony murder and purposeful and knowing murder. Accordingly, [defendant was] properly convicted of both felony murder and purposeful and knowing murder.

Relying upon well-established case law, the trial court noted that the sentencing court properly merged defendant's felony murder conviction with his purposeful and knowing murder conviction, citing State v. Brown, 138 N.J. 481 (1994), overruled in part by State v. Cooper, 138 N.J. 481 (1997), State v. Russo, 243 N.J. Super. 383 (App. Div. 1990), and State v. Stenson, 174 N.J. Super. 402

4

(Law Div. 1980). The trial court concluded "[a]s a result of [defendant's] felony murder conviction merging with [his] purposeful and knowing murder conviction, [he] w[as] also properly convicted of the separate offense of robbery, which does not merge with purposeful and knowing murder."

In addition, the trial court recognized the jury charge included a definition of "purposely" that was "synonymous with the meaning of the words 'deliberate' and 'willful.'" "[B]ecause the jury found [defendant] guilty of purposeful and knowing murder, [the sentencing court] did not make unsupported findings by stating that [defendant] committed 'the deliberate . . . taking of another person's life . . . [defendant] willfully took the life of a person. . . .'" As to the sentencing court not convening a second sentencing hearing after the jury rejected the death penalty, the trial court noted defendant "provided no objective support for this assertion." This appeal followed.

On appeal, defendant raises the following issues:

POINT I

THE ILLEGAL SENTENCE MOTION COURT DID NOT ADDRESS DEFENDANT'S CLAIM THAT BECAUSE THE JURY WAS ALLOWED/REQUIRED TO VIEW THE PURPOSELY OR KNOWINGLY MURDER AND ROBBERY OFFENSES AS ONE ABERRANT ACT UNDER FELONY MURDER MEANS DEFENDANT RECEIVED AN ILLEGAL SENTENCE WHEN THE SENTENCING COURT

SENTENCED HIM FOR TWO ABERRANT ACTS INSTEAD OF ONE.

POINT II

BECAUSE THE COURT BELOW AGREED WITH DEFENDANT'S CLAIM THAT THE PLAIN LANGUAGE OF THE FELONY MURDER STATUTE INCLUDES INTENTIONAL MURDER MEANS DEFENDANT SHOULD HAVE PREVAILED ON THIS CLAIM THAT ALL CONVICTIONS SHOULD HAVE MERGED.

POINT III

BECAUSE THE JURY WAS NOT CHARGED WITH DETERMINING WHETHER DEFENDANT HAD DELIBERATELY, WILLFULLY TAKEN A LIFE MEANS THE ILLEGAL SENTENCE MOTION COURT COMMITTED ERROR BY RULING THAT THE SENTENCING COURT'S FACTUAL FINDING THAT THE MAXIMUM SENTENCE ON THE MURDER CONVICTION WAS WARRANTED BECAUSE DEFENDANT HAD DELIBERATELY, WILLFULLY T[AKEN] HIS VICTIM'S LIFE.

POINT IV

IF THE ILLEGAL SENTENCE MOTION COURT'S RULING IS CORRECT THAT A PURPOSELY OR KNOWINGLY MURDER COMMITTED DURING A ROBBERY IS FELONY MURDER THEN MERGER OF MURDER, ROBBERY AND FELONY MURDER IS WARRANTED. HOWEVER, IF SAID COURT [ERRED] IN ITS RULING THEN A CONVICTION FOR BOTH FELONY MURDER AND MURDER REPRESENTS AND INCONSISTENT VERDICT IN VIOLATION OF N.J.S.A. 2C:1-9(a)(3) THAT

6

CANNOT STAND, NOTWITHSTANDING MERGER OF FELONY MURDER INTO MURDER AND INSTEAD DEFENDANT MUST BE RESENTENCED ON THE LESSER OF THE TWO OFFENSES.

POINT V

THE ILLEGAL SENTENCE MOTION COURT COMMITTED ERROR WHEN SAID COURT RULED DEFENDANT FAILED TO CITE AN AUTHORITY TO HOW AFTER THE JURY FOUND AGGRAVATING AND MITIGATING PRESENTED AT THE DEATH PENALTY HEARING DID NOT WARRANT THE DEATH PENALTY, A SECOND AGGRAVATING AND MITIGATING SENTENCING HEARING [W]AS REQUIRED TO DETERMINE THE SENTENCE.

In his reply brief, defendant raises these additional points:

POINT I

IF THE APPELLATE COURT AGREES OR DISAGREES WITH RESPONDENTS' CLAIM THAT THE PLAIN LANGUAGE OF THE FELONY MURDER STATUTE DOES NOT REQUIRE THAT THE ACTOR DID NOT CAUSE THE DEATH OF THE VICTIM INTENTIONALLY, THEN, MERGER OF THE MURDER AND ROBBERY CONVICTIONS INTO FELONY MURDER IS WARRANTED.

POINT II

IF THE APPELLATE COURT AGREES WITH RESPONDENT OR DEFENDANT THEN MERGER OF THE MURDER AND ROBBERY OFFENSE INTO FELONY MURDER IS WARRANTED.

A-0832-19T3

POINT III

RESPONDENT HA[S] FAILED TO HIGHLIGHT ANY EVIDENCE TO SHOW THE JURY VERDICT REFLECTS THE SENTENCING COURT WAS CORRECT IN ITS FINDING THAT DEFENDANT HAD DELIBERATELY AND WILLFULLY CAUSED HIS VICTIM'S DEATH.

POINT IV

IF MURDER AND FELONY MURDER REQUIRES AN INTENTIONAL AND UNINTENTIONAL MENTAL STATE, RESPECTIVELY, THEN A CONVICTION ON BOTH REPRESENTS AN INCONSISTENT/AMBIGUOUS VERDICT IN VIOLATION OF N.J.S.A. 2C:1-8(a)(3).

POINT V

RESPONDENT HA[S] FAILED TO CITE ANY AUTHORITIES TO SUPPORT [ITS] CLAIM THAT AFTER THE JURY REJECTED THE DEATH PENALTY, DEFENDANT WAS NOT ENTITLED TO A SECOND AGGRAVATING AND MITIGATION FACTOR HEARING PURSUANT TO N.J.S.A. 2C:44-1(a).

II.

Whether a sentence is illegal is an issue of law that we review de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "An illegal sentence that has not been completely served may be corrected at any time without impinging upon double-jeopardy principles." State v. Austin, 335 N.J. Super.

486, 494 (App. Div. 2000). Recently, our Supreme Court has reiterated "[t]here are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Schubert, 212 N.J. 295, 308 (2012)). These categories "have been 'defined narrowly.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)). "[E]ven sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Id. at 146. Under Rule 3:21-10(b)(5), "an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice . . . ."

Defendant's argument is that the felony murder conviction should have merged into the purposeful and knowing murder conviction. See State v. Watson, 261 N.J. Super. 169, 181 (App. Div. 1992) (providing that "the felony murder convictions should have merged into that for purposeful and knowing murder"). Both offenses, however, carry the same sentence: thirty years to life with a thirty-year period of parole ineligibility. The order in which the sentencing court merged the two offenses is therefore irrelevant.

A-0832-19T3

Under State v. Arenas, 363 N.J. Super. 1 (App. Div. 2003), a defendant may be found guilty of felony murder when the death of the victim was caused intentionally. At the time defendant committed the murder, N.J.S.A. 2C:11-3(a)(3) provided felony murder

> is committed when the actor, acting either alone or with one or more other persons, is engaged in the commission of, or an attempt to commit, or flight after committing or attempting to commit robbery, sexual assault, arson, burglary, kidnapping, carjacking, criminal escape or terrorism . . . and in the course of such crime or of immediate flight therefrom, any person causes the death of a person other than one of the participants; except that in any prosecution under this subsection, in which the defendant was not the only participant in the underlying crime . . . .

> [1982, c. 111, §1.]

In Arenas, defendant was indicted for purposeful and knowing murder and felony murder after setting fire to a building, which caused the victim's death. 363 N.J. Super. at 2-3. Defendant argued "because the State's theory was that he set the fire with the intent of killing [the victim], he could not be found guilty of felony murder." Id. at 7. We held "[a]lthough 'a wholly unintended killing is [felony] murder if it results from the commission of the underlying [predicate] felony[,]' . . . this does not mean that a defendant cannot be found guilty of felony murder for an intended killing committed in the course of a predicate

10

felony." Id. at 7-8 (quoting State v. Darby, 200 N.J. Super. 327, 331 (App. Div. 1984)) (alterations in the original). Moreover, we concluded "[i]f the State's evidence shows that the defendant . . . intended to kill the victim, the defendant may be found guilty of both purposeful and felony murder." Id. at 8. And, "it is common in robbery cases where the victim dies, including by an execution-style killing, to charge the defendant with both purposeful or knowing murder and felony murder." Id. at 9. Therefore, there was no error in defendant's felony murder charge being merged with his purposeful and knowing murder charge, and the trial court properly denied his motion to correct an illegal sentence.

III.

Defendant next argues the trial court erred by concluding an intentional murder may constitute felony murder and rejecting his claim that all his convictions should have merged. Since his conviction for felony murder was contingent on his convictions for purposeful and knowing murder and first-degree robbery, "the weapon, robbery, [purposeful and knowing] murder[,] and felony murder convictions are one crime requiring one punishment/sentence and not two." Again, we disagree.

In analyzing mergers of convictions, the guiding principle "is that a defendant who has committed one offense 'cannot be punished as if for two.'"

11

Brown, 138 N.J. at 561 (quoting State v. Miller, 108 N.J. 112, 116 (1987)). "Convictions for lesser-included offenses, offenses that are a necessary component of the commission of another offense, or offenses that merely offer an alternative basis for punishing the same criminal conduct will merge." Ibid. N.J.S.A. 2C:1-8 provides for the merger of offenses to avoid impermissible multiple convictions for the same conduct and sets forth a series of factors to guide a court in determining whether to bar multiple convictions for conduct that constitutes more than one offense. In particular, N.J.S.A. 2C:1-8(d) requires merger when one offense is established by proof of the same or less than all the facts required to establish the commission of another offense charged. See State v. Mirault, 92 N.J. 492, 502-03 (1983). The failure to merge convictions when appropriate results in an illegal sentence. State v. Romero, 191 N.J. 59, 80 (2007).

Here, "[o]nce defendant had been convicted of purposeful and knowing murder . . . his conviction for felony murder became 'surplusage' because that offense imposes criminal liability for the homicide committed in the course of a felony in the event that intent for the homicide cannot be proved." Brown, 138 N.J. at 561; see also Russo, 243 N.J. Super. at 411 (rejecting the defendant's contention that his robbery conviction should have been merged with his felony

murder conviction because the defendant was also convicted of purposeful and knowing murder). The underlying "felony" does not merge into the purposeful and knowing murder. Russo, 243 N.J. Super. at 411.

At the sentencing hearing, the court found:

> with regard to the charges and for the purposes of sentence, the felony murder will merge into the conviction of purposeful or knowing murder. Thereafter the unlawful possession of a weapon . . . would merge into, nevertheless, the still outstanding first[-]degree robbery conviction.
>
> . . . .
>
> We have two charges a felony murder and purposeful murder. To me they merge. Nevertheless, even though one of the elements of felony murder is "felony," the more overriding element of that crime is the homicide.
>
> The first-degree robbery of itself is a separate and distinct crime which does not succumb any elements of murder or homicide. That is why I said what I said. But yet the . . . first-degree robbery is predicated upon the use of a weapon, which is an unlawful possession of a weapon. That is how I made that analysis.

We discern no error. The merger of defendant's convictions comported with Brown and Russo, and the trial court correctly determined that defendant's felony murder conviction merged into his purposeful and knowing murder conviction in denying his motion.

IV.

Defendant also asserts his right to due process of law was violated because the trial court found the sentence imposed by the sentencing court was not supported by the jury's findings. According to defendant, "the jury was not instructed with determining whether the State had proven beyond a reasonable doubt that defendant had deliberately or wil[l]fully t[aken the] victim's life." Defendant contends deliberate "means to contemplate or ponder[,]" and "[t]here was no evidence presented in the record that defendant contemplated or pondered taking his victim's life."

Defendant also contends willful "implies a persistence[,]" and "there is no evidence in the record that defendant was persistent or hell bent on taking his victim's life." As such, defendant argues the imposition of the maximum sentence based on the sentencing court's finding that defendant deliberately and willfully took his victim's life constitutes an illegal sentence.

The jury was charged on purposeful and knowing murder as follows:

> A person acts purposely with respect to anything that he may or may not do if it is his conscious objective or goal to engage in conduct of that nature or to cause such a result. And a person acts knowingly with respect to the nature of his conduct or the surrounding circumstances if that [person] is aware that his or her conduct is of that nature or such circumstances exist or

14

that person is aware of a high probability of their existence.

. . . .

[A] person acts purposefully if from his or her acts you, the observer, can determine or [glean] that the person has done something with a design to achieve something or resolve to do a particular thing. It's very close to what you and I, as lay persons, would call intentions. It's a resolve or determination to achieve a particular goal. And a person acts knowingly when from the circumstances surrounding that activity you, the observer, can determine that the nature of his or her conduct is such that it implies and signifies that that person is aware of what she or he is doing. Knowledge is awareness basically, that's what it is. Knowledge is awareness and purpose is the determination to accomplish a particular objective.

"[E]rroneous instructions on material points are presumed to be reversible error." State v. Martin, 119 N.J. 2, 15 (1990). Correct charges "are essential for a fair trial. A charge is a road map to guide the jury and without an appropriate charge a jury can take a wrong turn in its deliberations. Thus, the court must explain the controlling legal principles and the questions the jury is to decide." Ibid. (citations omitted).

We conclude the instructions to the jury were proper and did not produce an unjust result. R. 2:10-2. At trial, the court instructed the jurors using words "synonymous with the meaning of the words 'deliberate' and 'willful.'" Thus,

15

the evidence supported the jury's verdict of purposeful and knowing murder and defendant's sentence was crafted in accordance with that finding. Therefore, we reject defendant's argument that the sentence imposed was not supported by the jury's findings.

V.

Defendant also asserts that if it is correct "that a purposefully and knowing murder committed during a robbery is felony murder," then all of his convictions should be merged. He claims his convictions for both felony murder and purposeful and knowing murder are inconsistent and illegal. Defendant's argument lacks merit.

To reiterate, felony murder is not limited to only deaths caused unintentionally. See Arenas, 363 N.J. Super. at 7-8. Consequently, defendant's convictions for both felony murder and purposeful and knowing murder are neither inconsistent nor illegal. Thus, defendant's constitutional rights to a fair trial and due process were not violated when the sentencing court refused to merge all of his convictions. The trial court properly denied defendant's motion on this issue as well.

A-0832-19T3

Lastly, we reject defendant's contention that a "second" aggravating and mitigating factors sentence hearing was required pursuant to N.J.S.A. 2C:44-1(a) because the jury rejected the death penalty. Defendant fails to cite any statute, case law, or other legal authority in support of this argument. Our careful review of the record shows the sentencing court "heard from both the prosecutor and defendant's attorney and considered all of the aggravating and mitigating factors."

In order to determine an appropriate sentence, the sentencing court must "undertake[] an examination and weighing of the aggravating and mitigating factors listed in [N.J.S.A.] 2C:44-1(a) and (b)." State v. Roth, 95 N.J. 334, 359 (1984); State v. Kruse, 105 N.J. 354, 359 (1987). "Aggravating and mitigating factors are used to [e]nsure that sentencing is individualized without being arbitrary. The factors [e]nsure that the sentence imposed is tailored to the individual offender and to the particular crime he or she committed." State v. Sainz, 107 N.J. 283, 288 (1987). "When the trial court fails to provide a qualitative analysis of the relevant sentencing factors on the record, an appellate court may remand for resentencing." State v. Fuentes, 217 N.J. 57, 70 (2014).

At the sentencing hearing, defendant's counsel argued that the court should impose "the mandatory minimum only, and not the consecutive sentence limited to that." In support of his argument, defense counsel presented the following mitigating factors: (1) defendant, at the time, was only twenty-one years old; (2) defendant had "a serious problem with alcohol and pills," and was severely inebriated the night of the crime; (3) defendant had minimal prior involvement with the criminal justice system; (4) defendant could be rehabilitated "with alcohol treatment or drug treatment"; and (5) defendant was remorseful. These mitigating factors, particularly defendant's age, capacity to rehabilitate, and lack of prior criminal activity were previously presented to the jury during the death penalty hearing.

Counsel also noted defendant was intelligent despite lacking a high school education and was not "a bad person, someone that cannot be rehabilitated with the normal course of events with alcohol treatment or drug treatment." Defense counsel further stated:

> In facing the [thirty]-year mandatory minimum on the homicide charge, [defendant] is now [twenty-one] years old. He will be approximately [fifty-one] years old before he could be eligible to be let out of prison. That is a long time, a long time for him to come to be rehabilitated, and a long time to be punished for this. Another [ten] years, which is the way I calculate the maximum additional sentence for the robbery

18

charge, the mandatory minimum would give him [forty] years. He would be most eligible, the first eligibility when he is [sixty-one] years old.

I ask the court whether or not the [ten]-year difference is needed, to punish him. Is it needed as a deterrent? Is it needed to give him time to rehabilitate himself? His life, at least the younger part of his life, his middle age life, is limited to prison. An additional [ten] years . . . I think could be used by him, if the parole authorities saw fit to release him at that time, which it is not mandatory that he be released, but that would at least give him an opportunity to demonstrate his potential intelligence, and use it in a positive way.

During the sentencing hearing, the court also gave defendant the opportunity to make a statement regarding his sentence, but he declined to do so. The prosecutor noted at the sentencing hearing that defendant showed no remorse and "[his] psychiatrist said that in his view [defendant] was a risk to kill again."

Here, the trial court correctly held that defendant had the opportunity to present mitigating factors at his sentencing hearing. A "second" aggravating and mitigating factors sentence hearing was not required, and N.J.S.A. 2C:44-1 does not support defendant's contention. Thus, the trial court correctly denied defendant's motion to correct an illegal sentence.

The remaining arguments advanced by defendant are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0832-19T3