411 S.E.2d 25

**STATE of West Virginia ex rel. James F. PAINTER, Petitioner,**

v.

**Honorable Paul ZAKAIB, Jr., Judge of the Circuit Court of Kanawha County, Respondent.**

No. 20203.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1991.

Decided Oct. 31, 1991.

William E. Murray, Mitchell & Murray, Charleston, for petitioner.

Mary Beth Kershner, Asst. Pros. Atty., Charleston, for respondent.

BROTHERTON, Justice:

The issue in this case is whether a criminal defendant can be held legally responsible for the suicide of a co-conspirator which occurs during the commission of one of the felonies enumerated in W.Va.Code § 61–2–1 (1989). For the reasons set forth below, we conclude that the felony-murder statute does not apply to a situation in which the only death involved is the suicide of a co-conspirator.

The facts relevant to our decision are as follows: the State alleges that on July 6, 1990, three juveniles, Jamie Woolwine, Frederick Allen Barefield, and Ralph Gary Sevy, attempted to burglarize the Charleston, West Virginia, home of Don White, Jr., with the intention of kidnapping Mr. White and then killing him. The petitioner, James F. Painter, recruited Woolwine to kill White, who was dating the petitioner's ex-wife. Woolwine sought the additional assistance of two of his high school classmates, Barefield and Sevy.

A neighbor interrupted the three young men in their attempt to burglarize White's home, and Sevy was captured. Barefield and Woolwine were able to flee the home, but later returned to the scene in a van, armed with a shotgun and hoping to "rescue" Sevy. When their rescue attempt was

botched, Charleston City Police pursued the van to the Winfield exit of I–64 in Putnam County. After pulling the van over to the side of the road, Jamie Woolwine shot himself and was killed instantly. A coroner's report indicated that the cause of Woolwine's death was "a shotgun wound of the mouth" and that the manner of death was "suicide."

On December 21, 1990, a four-part indictment was returned against the petitioner. In Count One, he was charged with first-degree murder, in that he "feloniously, willfully, maliciously, deliberately, premeditatedly, and unlawfully did slay, kill, and murder one Jamie Woolwine in violation of W.Va.Code § 61–2–1." West Virginia Code § 61–2–1 (1989) provides that "murder ... in the commission of, or attempt to commit, arson, sexual assault, robbery or burglary is murder of the first degree." The petitioner was also charged with attempted burglary and attempted kidnapping.

The petitioner argues that because Woolwine committed suicide, the requisite homicide for a felony-murder charge is missing. Therefore, he requests that this Court issue a writ prohibiting the respondent from proceeding with Count One of the indictment against him. The trial judge below refused to dismiss the felony-murder charge, stating that the issue presents a proper question for the jury determination.

The State maintains that the petitioner is properly charged with felony-murder because he participated in a criminal conspiracy which led to the death of Jamie Woolwine:

> [A]ll of the actions of the three young men, from the initial attempted burglary through the tragic end of the police chase, were a part of one continuous transaction. These acts were attributable to petitioner as the mastermind of the plot, even though he was not present at any of these acts.

In support of its argument, the State points out that the felony-murder rule was intended to have broad application, so as to discourage the commission of the enumerated felonies by holding the participants in those felonies responsible for any resulting death.

Felony-murder is one of three broad categories of first-degree murder in this State, with the others being murder by poison, lying in wait, imprisonment or starving, and willful, deliberate and premeditated killing. W.Va.Code § 61–2–1. "The crime of felony-murder in this State does not require proof of the elements of malice, premeditation or specific intent to kill. It is deemed sufficient if the homicide occurs accidentally during the commission of, or the attempt to commit, one of the enumerated felonies." Syl. pt. 7, *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978). "In adjudging a felony-murder, it is to be remembered at all times that the thing which is imputed to a felon for a killing incidental to his felony is *malice* and *not the act of killing*. The mere coincidence of homicide and felony is not enough to satisfy the requirements of the felony-murder doctrine." *Commonwealth v. Redline*, 391 Pa. 486, 137 A.2d 472, 476 (1958).[1] A homicide may be murder of the first degree, of the second degree, or voluntary manslaughter or involuntary manslaughter or it may be justifiable. *State v. Stevenson*, 147 W.Va. 211, 127 S.E.2d 638, 641 (1962), *cert. denied*, 372 U.S. 938, 83 S.Ct. 886, 9 L.Ed.2d 768 (1963).

The State professes to have difficulty understanding why the petitioner feels he should not be prosecuted for felony-murder, asserting that "[p]etitioner's arguments as to why he should not be compelled to face a jury on this charge are unclear, except that he appears to hold Mr. Woolwine responsible for his own death." The problem with the State's attempt to try

---

1. In *Redline*, the defendant was convicted of first-degree murder and sentenced to life imprisonment for the death of a co-felon who was killed by a police officer attempting to apprehend them as they were fleeing the scene of an armed robbery. The Supreme Court of Pennsylvania reversed, concluding that the victim was shot and killed by a policeman performing his duty: "... the homicide was justifiable and, obviously, could not be availed of, on any rational legal theory, to support a charge of murder. How can anyone, no matter how much of an outlaw he may be, have a criminal charge lodged against him for the consequences of the lawful conduct of another person?" *Redline*, 137 A.2d at 482.

the petitioner for felony-murder is that in this case there was no homicide incidental to the alleged underlying felony of attempted burglary. Instead, there was a suicide which was committed not by an innocent bystander, but by a co-conspirator in the criminal enterprise. The petitioner neither intended for the victim's death to occur, nor did he cause it, accidently or otherwise.

Although the circumstances under which the victim's death occurred are both unfortunate and tragic, ultimately *he* was responsible for his own death. It is for this reason that the State's attempt to hold the petitioner legally responsible for Woolwine's death must fail. The first-degree murder statute simply does not support a felony-murder charge against the petitioner under facts such as these.

A person cannot be charged with felony-murder pursuant to W.Va.Code § 61-2-1 (1989) if the only death which occurred in the commission of the underlying felony was the suicide of a co-conspirator in the criminal enterprise. Because there was no homicide in this case, Count One of the indictment charging the petitioner with felony-murder must be dismissed.

Writ Granted.