No. 17-0401, *State of West Virginia v. Marcus Stephen Sanders*

**FILED**
**April 9, 2019**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Judge Bloom, joined by Justice Armstead, dissenting:

I disagree with the majority's conclusion that attempted felony murder cannot be a cognizable crime in West Virginia. Simply put, no holding of this Court or statute in our Code precludes the possibility of an attempted felony murder conviction. While it is clear that attempted felony murder is not explicitly a statutory crime under the laws of our State, neither are most attempted felonies. Instead, attempt crimes are governed by W.Va. Code § 61-11-8 (2002), which imposes penalties for all attempted crimes not otherwise provided for in the Code. Specifically, W.Va. Code § 61-11-8 provides:

> Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows:
>
> (1) If the offense attempted be punishable with life imprisonment, the person making such attempt shall be guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary not less than three nor more than fifteen years.
>
> (2) If the offense attempted be punishable by imprisonment in the penitentiary for a term less than life, such person shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be imprisoned in the penitentiary for not less than one nor more than three years, or be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars.
>
> (3) If the offense attempted be punishable by confinement in jail, such person shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail not more than six months, or fined not exceeding one hundred dollars.

Felony murder is defined as "[m]urder . . . in the commission of, or attempt to commit, arson, kidnapping, sexual assault, robbery, burglary, breaking and entering,

1

escape from lawful custody, or a felony offense of manufacturing or delivering a controlled substance . . . ." W.Va. Code § 61-2-1 (1991). The penalty for felony murder and all other murders of the first degree is "confinement in the penitentiary for life." W.Va. Code § 61-2-2 (1965). Therefore, the penalty for attempted first degree murder, and attempted felony murder if recognized, is "not less than three nor more than fifteen years," as provided by W.Va. Code § 61-11-8. Without any specific statute for attempted felony murder, attempted murder during the commission of any of the enumerated felony murder felonies should fall under W.Va. Code § 61-11-8.

At oral argument, both Petitioner and Respondent argued that attempted felony murder cannot exist because specific intent to kill must be proven in order to constitute a crime of attempt. This Court has repeatedly held that "[i]n order to constitute the crime of attempt two requirements must be met: (1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime." Syl. Pt. 4, *State v. Minigh*, 224 W. Va. 112, 112, 680 S.E.2d 127, 130 (2009) (quoting Syl. Pt. 2, *State v. Starkey*, 161 W. Va. 517, 517, 244 S.E.2d 219, 220 (1978)).

Attempted felony murder should be subject to the same requirements as a completed felony murder. This Court has repeatedly held that "[t]he crime of felony-murder in this State does not require proof of the elements of malice, premeditation or specific intent to kill. It is deemed sufficient if the homicide occurs accidentally during the commission of, or the attempt to commit, one of the enumerated felonies." Syl. Pt. 7, *State v. Sims*, 162 W. Va. 212, 213, 248 S.E.2d 834, 836 (1978). Additionally, this Court has

2

held that "[i]n adjudging a felony-murder, it is to be remembered at all times that the thing which is imputed to a felon for a killing incidental to his felony is *malice* and *not the act of killing.*" *State ex rel. Painter v. Zakaib*, 186 W. Va. 82, 83, 411 S.E.2d 25, 26 (1991) (emphasis original).

Felony murder does not require proving a specific intent to kill; neither should attempted felony murder. Instead, the State would prove that the defendant intended to commit the underlying felony and committed an intentional act that could have, but did not, cause the death of another. Just as with felony murder, the malice that accompanies the commission of an inherently dangerous felony would be imputed to the attempted felony murder charge. In sum, the specific intent element of the attempt is satisfied by proving the intent to commit the underlying felony, and the malice is imputed to the attempted murder, specifically attempted felony murder.

Moreover, the public policy arguments that support statutorily criminalizing felony murder are equally applicable to attempted felony murder. As this Court recognized in *State v. Shafer*, 237 W. Va. 616, 624, 789 S.E.2d 153, 161 (2015),

> The harsh penalty for first degree murder reflects the seriousness of the crime . . . While this Court has never spoken directly to the Legislature's purpose in providing such a harsh penalty, other jurisdictions have recognized that "[a]n obvious purpose of the felony murder statute, or any murder statute, is to protect human life" . . . This is accomplished through punishment and deterrence.

(Citations omitted). Most notably, this Court cited the Court of Appeals of Alaska, which found that "if the increased punishment for an unintended homicide does not deter people from committing dangerous felonies, it will at least encourage criminals to 'plan and carry

3

out such crimes with increased regard for physical dangers.'" *Id.* (citing *Todd v. State*, 884 P.2d 668, 686 (1994)).

This rationale can easily be applied to attempted felony murder. Individuals should be made aware that committing inherently dangerous crimes, specifically crimes that may support a felony murder conviction, can lead to a more severe penalty than that of the underlying felony. There is no reason to lessen such deterrence when an individual commits a crime that could, but ultimately does not, cause the death of another. The purpose of the severe punishment for felony murder is to deter future dangerous crimes. Deterrence is moot once an individual determines to commit a dangerous felony. An individual who ignores this risk and decides to commit a dangerous felony should not be rewarded simply because they or their codefendants have poor aim or commit another intentional act that could, but does not, cause the death of another. Instead, the State should be free to prosecute, and if convicted, impose the "not less than three nor more than fifteen years" sentence that accompanies other attempted first-degree murders.

Furthermore, just as the felony murder doctrine permits states to sentence a codefendant who agrees to commit a dangerous felony but is not the individual who commits the intentional acts that causes a death, attempted felony murder would allow the same ability to reach such codefendants in the instance where an actual death does not occur. In other words, if a death by shooting occurs during the commission of a felony in which multiple individuals agreed to participate, all codefendants may be charged with first-degree murder and sentenced to life in the penitentiary. However, if all of the codefendants agree to commit the same felony and the same shooting occurs that could,

4

but ultimately does not, cause a death, only the shooter may be charged with attempted murder, while the codefendants may only be charged with the underlying felony. To say that the codefendants' culpability varies so greatly between the two instances as to justify wildly varying sentences is incongruent with both statutory law and the policy arguments supporting the felony murder doctrine.

Prior to the majority's opinion, I believed attempted felony murder was a cognizable crime pursuant to the plain language of W.Va. Code § 61-11-8. However, in light of the majority's opinion, I urge the Legislature to consider establishing attempted felony murder by statute. For guidance, I would review Florida's attempted felony murder statute, F.S.A. § 782.051 (2017).[1] The Florida Legislature enacted this statute after the Florida Supreme Court held that such a crime does not exist.

---

[1] The Florida attempted felony murder statute, F.S.A. § 782.051, provides:

> (1) Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, or as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 9 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.
>
> (2) Any person who perpetrates or attempts to perpetrate any felony other than a felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 8 of the Criminal

For the foregoing reasons, I respectfully dissent from the majority opinion.

---

Punishment Code. Victim injury points shall be scored under this subsection.

(3) When a person is injured during the perpetration of or the attempt to perpetrate any felony enumerated in s. 782.04(3) by a person other than the person engaged in the perpetration of or the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 7 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.