ROBERTSON

*v.*

COMMONWEALTH.

*(Supreme Court of Appeals of Virginia, Nov. 8, 1894.)*

[20 S. E. Rep. 362.]

**Criminal Law—Murder—Inconsistency in Indictment—Case at Bar.**

An indictment for murder, which describes the wound in one place as above the nipple of the left breast, and subsequently as below the nipple of the left breast, is not void for repugnancy and inconsistency, as the latter recitation is surplusage, and covered by section 3999, Code, which provides that indictments shall not be void for the omission or insertion of "words of mere form and surplusage."

**Same—Selection of Special Grand Juries.**

Section 3978, Code, does not require a special grand jury to be selected from a list of 48 men, prepared by the judge of the county court, in August of each year, to serve for the ensuing year.

**Same—Indictment for Murder—Attempt to Commit Robbery.**

On an indictment for murder simply, one may be convicted of murder in the commission of, or attempt to commit, robbery.

**Same—Murder—Definition.**

Murder is the unlawful killing of another with malice.

**Same—Homicide—Presumption—Burden to Reduce Offense.**

Every homicide is presumed to be murder in the second degree, and it is for the state to show that it was murder in the first degree, and for defendant to show that it was manslaughter.

**Same—Killing in Attempt to Rob.**

One who kills another in the attempt to commit, or commission of, robbery, is guilty of murder in the first degree.

**Appellate Practice—Evidence Certified.***

Where the evidence, and not the facts proved, is certified in the record, the case on appeal stands as upon a demurrer to evidence, under Acts 1889–90, p. 36.

---

*See monographic note on "Bills of Exception" appended to Stoneman *v.* Com., 25 Gratt. 887 (Va. Rep. Anno.); foot-note to Read *v.* Com., 22 Gratt. 924 (Va. Rep. Anno.).

Error to circuit court, Franklin county; S. G. Whittle, Judge.

William Robertson was convicted of murder, and brings error.    Affirmed.

*Anderson & Hairston*, for plaintiff in error.

*R. F. Scott, Atty. Gen.*, for the Commonwealth.

Fauntleroy, J., delivered the opinion of the court.

William Robertson, the plaintiff in error, was indicted at the February term of the county court of Franklin county of the murder of Jerry Barbour, and he was tried upon the said indictment at the December term, 1892, of the said court, and was found guilty by the jury of murder in the first degree ; and on the 19th day of December, 1892, he was sentenced by the said court to be hanged by the neck until he is dead.    To this judgment he petitioned the circuit court of Franklin county for a writ of error, upon the exhibition, as a part of his said petition, of a transcript of the record of the said trial in the said county court, and errors assigned.    The writ of error prayed for was denied by the judge of the circuit court of Franklin county, whereupon a writ of error was allowed by one of the judges of this court. In refusing the petition for a writ of error, the judge of the circuit court of Franklin county (Judge S. G. Whittle) delivered an elaborate and carefully considered opinion, upon the record and errors assigned and points raised and discussed in the petition and argument by counsel, in which said opinion this court fully concurs in all points, and adopts the same as the opinion of this court for affirming the judgment of the county court aforesaid, and the denial of the writ of error by the said circuit court of Franklin county.

The opinion of WHITTLE, J., refusing the appeal, was as follows:

"I have carefully considered the record in this case, and the points raised and discussed by counsel in the petition for a writ of error, and will comment on them very briefly, in the order in which they were presented.

"First. It is contended that the demurrer to the indictment should have been sustained because of repugnancy and inconsistency of averment in the description of the wound which caused the death of the deceased, Jerry Barbour,— the charge being, in one part of the indictment, that the wound was above the nipple of the left breast, and, in another part, that it was below the nipple of the left breast; and Dias v. State, 39 Am. Dec. 448, is relied on to sustain this contention. The general rule is conceded that pleading must not be insensible, inconsistent with itself or repugnant. But there is this exception: that if the allegation which creates the repugnancy is merely superfluous or redundant, so that it may be rejected without altering the general sense and effect, it should be rejected, the maxim being *' Utile per inutile non vitiatur';* and this principle has been incorporated in our statute law. Code, § 3999, in designating what defects in indictments shall not vitiate them, concludes: 'Or for the omission or insertion of any other words of mere form and surplusage.' In Sledd's Case, 19 Gratt. 819, Judge Joynes, in delivering the opinion of the court, in commenting on this statute, says: 'The provisions of this section were designed to get rid of cumbrous and useless technicalities, and ought to receive a liberal construction.' In pleading, surplusage is the allegation of unnecessary matter. The foundation of the rule requiring the place of the wound to be alleged in an indictment was to enable the court to see that it was of such a nature that death might have ensued from it. In this case the first part

of the count charges the manner and location of the wound. It was inflicted with a deadly weapon in a vital part of the body, 'just above the nipple of the left breast,' and it was unnecessary to repeat in the same count the location of the wound.   The averment that the shot gave the deceased a mortal wound, of which he then and there died, etc., was sufficient; and the words, 'just below the nipple of the left breast,' were unnecessary, and might have been omitted without impairing the general sense and effect of the charge, and should therefore under the statute, be rejected as surplusage.   The propriety of this view is the more apparent, because, previous to said words, only one shot, penetration, or wound upon the body of the deceased had been alleged, and the location of that particularly described.   The repugnant words could only refer to that, and evidently meant the same wound, and, whichever be taken, the wound was inflicted in a vital part of the body.   See Lazier's Case, 10 Gratt. 708, and also State v. Freeman, 74 Am. Dec. 319.

"Second.  The second error assigned was to the rejection by the county court of the plea of the prisoner averring that the members of the special grand jury which found the indictment against him were not taken from the list of forty-eight men required by statute to be selected by the judge of the county court in August of each year to serve as grand jurors for the twelve months thence ensuing.   A careful examination of the sections in regard to regular and special grand juries will show that there was no error in the ruling of the county court in rejecting said plea.   A regular grand jury is made up by the clerk from the forty-eight men selected as aforesaid.   But a special grand jury, under section 3978, is to be summoned from a list furnished by the judge,—evidently, from a list made at the time the special grand jury is ordered.   There is not only nothing in the statute to indicate that the special grand jury is to be

taken from the forty-eight names ; but, if so construed, it would thwart the manifest object of the statute in providing for a special grand jury, which is, I take it, to empower the court or judge, when the exigencies of the business of the court require it, to order a special grand jury, and obviate the expense and delay of summoning a regular grand jury. But, be the reason of the law what it may, there is nothing in section 3978 which requires the special grand jury to be selected from the forty-eight named, but just the contrary. Lyles' Case, 88 Va. 396, 13 S. E. 802, decides that an indictment for murder may be found by a special grand jury as well as by a regular grand jury.

"Third. The third error complained of is that the county court overruled the motion of the prisoner to exclude all evidence tending to show that he robbed the deceased ; the contention being that inasmuch as the indictment was in the ordinary form, and did not charge that it was done in the commission of robbery, etc., it was not competent to prove the robbery in order to elevate the offense to murder in the first degree. Thompson's Case, 20 Gratt. 724, and several other Virginia cases, show that whatever may be the rule elsewhere, in this state, at least, it is competent, under an indictment for murder, simply to try and convict one of murder in the commission of, or attempt to commit, robbery, etc. The question is not an open one here.

"Fourth. Nor do I find any error in the refusal of the court to give instruction No. 1 asked for by the prisoner, and in giving instructions 1, 2, and 3 asked for by the commonwealth. The vice of the instruction offered by prisoner was 'that, under the indictment in this case, no evidence of robbery can be considered for the purpose of elevating the crime to murder in the first degree.' Thompson's Case, *supra*, fully sustains the county court in rejecting this instruction.

Those given by the court, and excepted to, were as follows : "(1) Murder is the unlawful killing of another with malice, and in Virginia is designated as murder in the first degree, and murder in the second degree. (2) Every homicide, in Virginia, is presumed to be murder in the second degree ; and to elevate the offense to murder in the first degree devolves upon the commonwealth, and to reduce murder in the second degree to manslaughter devolves upon the prisoner. (3) To constitute murder in the first degree, the prisoner must have been incited to the killing by malice, and the killing must have been willful, deliberate, and premeditated killing on the part of the prisoner ; but if the jury believe from the evidence, beyond a reasonable doubt, that the prisoner killed the deceased in the attempt or commission of robbery by prisoner on deceased, then they must find the prisoner guilty of murder in the first degree.' The first instruction gives the general definition of murder ; the second accurately enunciates what the law presumes in every case of homicide, and what burden of proof devolves on the commonwealth, and what on the accused ; the third defines what constitutes murder in the first degree generally, in the first instance, and then adds that if the killing is done in the attempt to commit, or in the commission of, robbery, the killing is murder in the first degree ; and that is what the statute prescribes. If the killing is shown to have been done in any of the specially enumerated or exceptional cases, it is not necessary to offer proof to establish the fact that a homicide was intended. Jones' Case, 1 Leigh 598.

"Fourth. I do not think the alleged separation of the jury in this case a ground for a new trial. In fact, there was, in legal contemplation, no separation. And this brings us to the consideration of the last error assigned, to wit :

"Fifth. That it was error in the county court to refuse to set aside the verdict of the jury, as contrary to the law

and the evidence. On this point, under our statute, the evidence, not the facts proved, having been certified, the case is to be considered as upon a demurrer to the evidence. Acts 1889–90, p. 36. But it is not necessary to apply this rule of law to sustain the action of the county court in overruling the prisoner's motion for a new trial. The judgment was plainly right. I do not intend to discuss the evidence in detail. I have arisen from a careful second reading of it, satisfied that it establishes the guilt of the prisoner beyond a reasonable doubt. As was said in Finchim's Case, 83 Va. 689, 3 S. E. 343 : 'The record discloses concurrent circumstances of time, place, means, motive, and subsequent conduct pointing to the prisoner as the perpetrator of the crime for which he stands indicted, that fully warranted the jury, acting with that utmost caution with which circumstantial evidence should always be acted on, in arriving at their verdict of murder in the first degree.' It presents a case of the dastardly assassination of an inoffensive, harmless old man, while in a state of intoxication, for the purpose of robbery. I find no error in the record, and a writ of error is denied.''

The judgment of the county court of Franklin county, appealed from, and under review, is without error, and the same is affirmed. Affirmed.