WELCH, J.
|2The defendant, John H. Martin, was charged by bill of information with armed robbery (count one), a violation of La. R.S. 14:64; armed robbery, use of firearm, additional penalty (count two), a violation of La. R.S. 14:64.3; aggravated burglary (count three), a violation of La. R.S. 14:60; and attempted first degree murder (count four), a -violation of La. R.S. 14:30 and La. R.S. 14:27. The defendant pled not guilty on all four counts. The trial court granted the defendant’s oral motion to quash count three (aggravated burglary) on the grounds of double jeopardy.[1]
After a trial by jury, the defendant was found guilty as charged on counts one and two, and found guilty of the responsive offense of attempted second degree murder on count four, in violation of La. R.S. 14:30.1 and La. R.S. 14:27. On count one, the trial court sentenced the defendant to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. On count two, the trial court imposed the additional penalty of five years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence (to be served consecutively to the sentence imposed on count one). On count four, the trial court sentenced the defendant to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence (to run concurrently with the sentences imposed on counts one and two).[2] The ^defendant now appeals, arguing that the prosecution for both attempted first degree murder and armed robbery, the underlying felony, violates the double jeopardy prohibition under federal and state constitutions. For the following reasons, we affirm the convictions on all counts. On counts one and two, we affirm the sentences, and on count four, we vacate the sentence and remand for resen-tencing.
STATEMENT OF FACTS
During the early morning hours of June 6, 2006, armed with guns, the defendant and at least one other perpetrator forcibly entered a trailer home in Gonzales, Louisiana, threatened to kill the occupants if they made any sudden moves, and demanded money and drugs at gunpoint.[3] *1030 One of the occupants, Samuel Charles, was told to get out of bed and lie face down on the floor and was asked where money was located in the home. Charles complied with the perpetrators’ demands and gave them his wallet, while his girlfriend, Lane-tra Alexander, and two of her children remained in the bed. One of the perpetrators instructed the other to kill Charles, but when the other perpetrator pulled the trigger in compliance, the gun jammed. The perpetrators then fled from the scene.
ASSIGNMENT OF ERROR
In the sole assignment of error, the defendant submits that he was charged with both attempted first degree murder, under the theory that he attempted to kill someone while committing armed robbery, and with armed robbery. Thus, he posits that the armed robbery of the attempted murder victim in this case was the underlying felony, which formed the basis for attempted first degree murder. The defendant argues that this subjects him to double jeopardy in violation of state and |4federal double jeopardy prohibitions as the acts constituting armed robbery were required to convict him of each crime, thereby exposing him to punishment twice for the same acts. Noting that the attempted second degree murder conviction is the less severely punishable offense, the defendant concludes that it should be reversed and that the sentence imposed thereon should be vacated. As noted in its response brief, the State agrees with the defendant’s assertions. We note that the State’s brief incorrectly indicates that the defendant was found guilty as charged on count four (attempted first degree murder) when, as previously noted, the record indicates that the defendant was actually found guilty of the responsive offense of attempted second degree murder.
The Double Jeopardy Clauses of the United States and Louisiana constitutions not only prohibit successive trials for the same offense but also protect against multiple punishments for the same offense. U.S. Const. amend. V; La. Const. art. I, § 15; La.C.Cr.P. art. 591; State v. Murray, 2000-1258 (La.9/18/01), 799 So.2d 453, 454-55 (per curiam). Louisiana uses both the “Blockburger test” and the “same evidence test” in determining whether double jeopardy exists. State v. Green, 96-0256 (La.App. 1st Cir.12/10/96), 687 So.2d 109, 112. In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the Supreme Court held that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. The broader “same evidence” test dictates that if the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. This test depends on the proof necessary for a conviction, not all the evidence that is actually presented at trial. State v. Steele, 387 So.2d 1175, 1177 (La.1980).
|fiAs previously noted, in this case before the trial began, the defendant made an oral motion to quash count three, aggravated burglary, on the grounds of double jeopardy. The defendant specifically argued that aggravated burglary and armed robbery have the same elements and that *1031 therefore, the lesser of the two offenses, aggravated burglary, should be quashed under the double jeopardy prohibition. The trial court granted the motion to quash the aggravated burglary charge. That ruling is not contested on appeal. Nonetheless, the defendant now argues that the attempted second degree murder and armed robbery convictions present another double jeopardy claim.
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La. R.S. 14:64(A). The gravamen of attempted second degree murder is the specific intent to kill and the commission of an overt act tending toward the accomplishment of that goal. La. R.S. 14:27 and 14:30.1; See State v. Jarman, 445 So.2d 1184, 1189 (La.1984); State v. Barnett, 96-2050 (La.App. 1st Cir.9/23/97), 700 So.2d 1005, 1009. Although the statute for the completed crime of second degree murder allows for a conviction based on “specific intent to kill or to inflict great bodily harm,” La. R.S. 14:30.1, attempted second degree murder requires specific intent to kill. State v. Bishop, 2001-2548 (La.1/14/03), 835 So.2d 434, 437.
As noted by the defendant and the State on appeal, the State in its opening and closing arguments indicated that the attempted first degree murder charge was based on the underlying felony of armed robbery. A conviction for both attempted felony murder and the underlying felony is improper. State ex rel. Adams v. Butler, 558 So.2d 552, 553 (La.1990); State v. Stewart, 400 So.2d 633, 635 n. 4 (La.1981). However, in this case the defendant was found guilty of the responsive offense of attempted second degree murder. Therefore the defendant was convicted | Bon an attempted second degree murder offense (as opposed to the original charge of attempted first degree murder), and there is no such crime as attempted second degree felony murder. See State v. Jones, 94-0187 (La.App. 4th Cir.8/17/94), 642 So.2d 252, 254-55 (wherein the court’s double jeopardy analysis, using the “same evidence” test, was based on the convictions as opposed to the originally charged offenses); see also State v. Allen, 571 So.2d 758, 761 (La.App. 2nd Cir.1990) (per curiam) (wherein the defendant was charged in pertinent part with attempted first degree murder and armed robbery, but pled guilty to attempted second degree murder and armed robbery, and the court found no double jeopardy violation based on the convictions as opposed to the charges). Inconsistent with the felony murder theory of La. R.S. 14:30.1(A)(2), the crime of attempted second degree murder requires the specific intent to kill. Bishop, 835 So.2d at 437; State v. Butler, 322 So.2d 189, 192 (La.1975). Thus, the crime of attempted second degree murder is not based on an underlying felony.
 The record supports a conviction for attempted second degree murder as a specific intent crime under La. R.S. 14:30.1(A)(1), considering there was evi-dentiary testimony that there was an attempt to fire one of the weapons, but it jammed, in an attempt to shoot Charles. While this evidence supports the attempted second degree murder conviction, it would not have supported a conviction of armed robbery. In support of the armed robbery conviction, the evidence established that the victim was told to surrender money at gunpoint and relinquished his wallet. Conversely, this evidence alone would not have supported a conviction of attempted second degree murder. Clearly, the elements of each crime were proven with different evidence. Thus, the defendant is not being punished twice for the same offense.
*1032 Because the evidence showed that two separate crimes occurred, each of which could have been proven without any evidence as to the other, no double 1 jeopardy violation occurred. The attempted second degree murder and armed robbery convictions do not constitute two punishments for the same offense, and the defendant’s double jeopardy argument raised in the sole assignment of error lacks merit.
SENTENCING ERROR
Pursuant to La.C.Cr.P. art. 920(2), this court routinely reviews the record for errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, as previously referenced, we note the following sentencing error. While Judge Pe-gram J. Mire, Jr. presided up to and during the trial, Judge Jane Triche-Milazzo was presiding at the time of the sentencing. As noted, the minute entries state that the defendant was found guilty as charged on the attempted first degree murder charge, when he was in fact found guilty of the responsive offense of attempted second degree murder. While the imposed sentence is within the statutory range for an attempted second degree murder or an attempted first degree murder conviction, in accordance with the sentencing transcript, Judge Triche-Milazzo erroneously referred to the conviction as attempted first degree murder in imposing sentence.
In State v. Session, 2004-1825 (La.App. 5th Cir.4/26/05), 902 So.2d 506, 507-08, the defendant contended on appeal that in sentencing him, the trial court referred to a conviction of attempted armed robbery when he had been convicted of only attempted simple robbery. The fifth circuit found nothing in the sentencing transcript that indicated whether the reference to the wrong conviction was an inadvertent error or a mistaken belief by the court. Because it was impossible to determine that the sentence was not imposed in error for the wrong offense, the fifth circuit vacated the sentence, and remanded the case for re-sentencing.
| sIn the present case, the verdict was misstated in the minutes, and the sentencing judge did not preside over the trial. Thus, it appears that the sentence was imposed in error for the wrong offense and is invalid. La.C.Cr.P. art. 872. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La.C.Cr.P. art. 882(A). We hereby vacate the sentence imposed on the attempted second degree murder conviction and remand for resentencing in accordance with the verdict, and for all necessary corrections of the minute entries and commitment order, if any. There are no discrepancies regarding the other convictions, and we find no further reversible errors.
CONCLUSION
For the foregoing reasons, the defendant’s convictions are affirmed; the sentences on counts one and two are affirmed; and the sentence on count four is vacated and remanded for resentencing and for any necessary corrections of the minute entries and commitment order.
CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND TWO AFFIRMED; SENTENCE ON COUNT FOUR VACATED; REMANDED FOR RESENTENCING ON COUNT FOUR AND FOR CORRECTION OF CLERICAL ERRORS.

. The attempted first degree murder offense, referenced herein as count four as charged in the bill of information, was referred to as count three for puiposes of trial since the original count three was quashed.

. The defendant was charged and tried along with codefendants Joseph Johnson and Mar-quel D. Jones. The minutes reflect that the defendant was found guilty as charged on all three counts. However, according to the trial transcript and the verdict form signed by the foreman, the juiy found the defendant guilty as charged on counts one and two, but found the defendant guilty of the responsive offense of attempted second degree murder on the attempted first degree murder charge (originally count four). Thus, the record contains a discrepancy as to the verdict on that count. When there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, herein the verdict on original count four is attempted second degree murder. Nonetheless, based on the sentencing transcript, it appears that the trial court was under the impression that the defendant had been convicted as charged on count four when the sentences were imposed. This sentencing error will be addressed in the sentencing error section herein.

.The victims presented inconsistent testimony as to whether there were two or three perpetrators, although the testimony was consistent that only two individuals entered the bedroom occupied by Samuel Charles, Lane-tra Alexander, and two of Alexander’s chil *1030 dren. Based on the evidence presented during the trial, guilty verdicts were returned for the defendant and Marquel D. Jones. The jury found Joseph Johnson not guilty on all three counts.