IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

JANUARY 2019 Term

No. 17-0401

FILED
April 9, 2019
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent

v.

MARCUS STEPHEN SANDERS,
Petitioner

Appeal from the Circuit Court of Raleigh County
The Honorable John A. Hutchison, Judge
Criminal Action No. 15-F-242-H

REVERSED AND REMANDED

Submitted: February 6, 2019
Filed: April 9, 2019

Andrew R. Shumate, Esq.
Jason D. Parmer, Esq.
Public Defender Services
Charleston, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Zachary Viglianco, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Respondent

JUSTICE WORKMAN delivered the Opinion of the Court.
JUSTICE HUTCHISON is disqualified.
JUSTICE ARMSTEAD dissents and reserves the right to file a separate opinion.
ACTING JUSTICE LOUIS H. BLOOM sitting by temporary assignment dissents and reserves the right to file a separate opinion.

**SYLLABUS BY THE COURT**

1.      "'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *State v. Butler*, 239 W. Va. 168, 799 S.E.2d 718 (2017).

2.      "The crime of felony-murder in this State does not require proof of the elements of malice, premeditation or specific intent to kill.  It is deemed sufficient if the homicide occurs accidentally during the commission of, or the attempt to commit, one of the enumerated felonies."   Syl. Pt. 7, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978).

3.      "'In order to constitute the crime of attempt, two requirements must be met: (1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime.' Syl. Pt. 2, *State v. Starkey*, 161 W. Va. 517, 244 S.E.2d 219 (1978)."  Syl. Pt. 1, *State v. Burd*, 187 W. Va. 415, 419 S.E.2d 676 (1991).

4.      "Where formation of criminal intent is accompanied by preparation to commit the crime of murder and a direct overt and substantial act toward its perpetration, it

i

constitutes the offense of attempted murder." Syl. Pt. 2, *State v. Burd*, 187 W. Va. 415, 419 S.E.2d 676 (1991).

       5.     Attempted felony-murder is not a cognizable crime under West Virginia law.

WORKMAN, Justice:

This case is before the Court upon the appeal of the petitioner, Marcus Stephen Sanders, from the November 17, 2016, order sentencing him, inter alia, to an indeterminate term of imprisonment of not less than three nor more than fifteen years for his jury conviction of the charge of attempted first-degree murder under a felony-murder theory (hereinafter "attempted felony-murder").[1] The sole issue on appeal is whether the offense of attempted first-degree murder under a felony-murder theory is a cognizable crime in West Virginia. Based upon our review of the parties' arguments and briefs, which included the Respondent's, State of West Virginia's (hereinafter "the State"), confession of error on the issue, as well as the appendix record, we agree with both parties in this case and find that there is no cognizable crime of attempted felony-murder in this State. Accordingly, we reverse the petitioner's conviction and sentence for attempted felony-murder and remand this case for resentencing.

---

[1]The petitioner also was convicted of one count of first-degree robbery, for which he was sentenced to a determinate term of twenty years; two counts of wanton endangerment involving a firearm, for which he was sentenced to a determinate term of four years on one count and an enhanced effective sentence of eight years for the second count; and one count of conspiracy to commit a felony, for which he was sentenced to an indeterminate term of not less than one nor more than five years. None of these convictions or sentences are the subject of this appeal as the petitioner raised no assigned errors regarding them.

1

## I. Facts and Procedural History

The petitioner and his co-defendant, Deshaun Evans,[2] arranged a drug deal with Josh Palmer, who was going to sell them some drugs. After arranging the drug purchase, the petitioner and Mr. Evans decided to rob Mr. Palmer rather than purchase the drugs from him. Before this drug transaction was to occur, Mr. Palmer met up with Christopher Greene, who was Mr. Palmer's next-door neighbor in an apartment building and who was going to purchase cigarettes. Mr. Greene had no knowledge of the drug deal. On their way to buy cigarettes, Mr. Palmer and Mr. Greene came upon the petitioner and Mr. Evans, who was wearing a mask at the time. Both the petitioner and Mr. Evans had guns and robbed Mr. Greene, taking his wallet. The petitioner or Mr. Evans beat and "pistol whipped" Mr. Greene after robbing him as Mr. Greene tried to get away. Mr. Palmer fled the scene and returned to his apartment building where he sought help from Michelle Morr Greene, Mr. Greene's wife. Mrs. Greene arrived at the scene where her husband was being beaten and as she tried to help, she sustained a single gunshot wound when four rounds from a gun were discharged. There was no evidence as to who discharged the gun.

On May 13, 2015, the petitioner was indicted on eight counts, including first-degree robbery of Mr. Greene, attempted first-degree murder of Mr. Greene, wanton

---

[2]Mr. Evans was also indicted on five counts, which included first-degree robbery, attempted first-degree murder, malicious wounding, wanton endangerment and felony conspiracy. His case is not the subject of the instant appeal.

endangerment involving a firearm of Mr. Greene, attempted first-degree murder of Mrs. Greene, malicious assault of Mrs. Greene, wanton endangerment involving a firearm of Mrs. Greene, misdemeanor illegal possession of a firearm, and felony conspiracy.

It was not until the final pretrial hearing, which occurred the day before the trial, that the State indicated that it would pursue the theory of attempted felony-murder against the petitioner.[3]  The petitioner objected, arguing that there is no attempted felony-murder crime.  The circuit court, however, allowed the State to proceed with attempted first-degree-felony-murder, which both parties and the circuit court acknowledged relieved the State of proving premeditation or specific intent.  As the circuit court stated, "if . . . [the State] proves that the attempted murder occurred during the commission of a crime, it's easier for . . . [it] to prove the commission of the crime than it is to prove premeditation. That's one of those anomalies and, I mean, the Supreme Court discussed it at some length in *Dallas Hughes*."[4]

[3]Perhaps had the State not waited until the day before trial to proceed on an attempted felony-murder theory, the issue could have been legally developed by the parties, which could have prevented the erroneous decision reached below.

[4]The circuit court was referring to *State v. Hughes*, 225 W. Va. 218, 691 S.E.2d 813 (2010), in which the defendant was convicted of first-degree murder.  In *Hughes*, the Court was focused upon the issue of whether an indictment has to expressly charge a defendant with felony-murder and whether the State could send both a felony-murder charge and a premeditated murder charge to the jury.  *Id*. at 221, 691 S.E.2d at 816.  We found that the indictment did not have to specify the State's theory of prosecution, recognizing that felony-murder was an alternative theory of proving first-degree murder.  *Id*. at 224-25, 691 S.E.2d

(continued...)

3

The jury, after hearing all the evidence presented at trial, convicted the petitioner on the charge of attempted felony-murder of Mr. Greene, among other counts. On November 16, 2016, the circuit court sentenced the petitioner to an indeterminate term of not less than three nor more than fifteen years on this count.[5] It is from the circuit court's sentencing order that the petitioner appeals.

## II. Standard of Review

We are guided by the following standard of review in resolving the issue now before the Court: "'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *State v. Butler*, 239 W. Va. 168, 799 S.E.2d 718 (2017).

---

[4](...continued)
at 819-20. We further found that the State could rely upon both premeditated murder and felony-murder at a trial on a first-degree murder charge so long as each theory was distinguished for the jury through instructions. *Id*. at 226, 691 S.E.2d at 821. It appears from the appendix record that the circuit court was relying upon the *Hughes* decision to support the proposition that the State did not have to specifically indict the petitioner on attempted felony-murder and that the State could advance both an attempted murder and an attempted felony-murder theory at trial. Nothing, however, in the *Hughes* decision supports the proposition that attempted felony-murder is a cognizable crime in this State.

[5]*See supra* note 1 (setting forth petitioner's complete sentence).

### III. Discussion

The sole issue in this case is whether the crime of attempted felony-murder exists in West Virginia. The petitioner contends that it does not. He argues that the circuit court's attempted felony-murder instruction diminished the State's burden of proof and violated his right to due process because it excluded the essential element of any attempt crime in this State – the mens rea. He also argues that the felony-murder doctrine does not apply in the absence of a death in the commission of a felony. As the petitioner contends, the felony-murder doctrine is a special rule that allows for punishment of unintentional deaths that occur during the course of the commission (or attempted commission) of certain felonies. Thus, if there is no death, then this doctrine is not applicable. The State agrees with the petitioner on the issue before us, arguing that existing law in West Virginia forecloses the existence of the crime of attempted felony-murder.

We begin by examining our felony-murder law to better understand why attempted felony-murder is not a viable crime. West Virginia Code § 61-2-1 (2014) defines felony-murder as follows: "Murder . . . in the commission of, or attempt to commit, arson, kidnapping, sexual assault, robbery, burglary, breaking and entering, escape from lawful custody, or a felony offense of manufacturing or delivering a controlled substance as defined in article four, chapter sixty-a of this code, is murder of the first degree." (Citation omitted). This Court has found that "[t]he crime of felony-murder in this State does not require proof

5

of the elements of malice, premeditation or specific intent to kill. *It is deemed sufficient if the homicide occurs accidentally during the commission of, or the attempt to commit, one of the enumerated felonies.*"  Syl. Pt. 7, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978) (emphasis added); *see* Syl. Pt. 2, *State ex rel. Davis v. Fox*, 229 W. Va. 662, 735 S.E.2d 259 (2012) ("'"[T]he elements which the State is required to prove to obtain a conviction of felony murder are:  (1) the commission of, or attempt to commit, one or more of the enumerated felonies; (2) the defendant's participation in such commission or attempt; and (3) the death of the victim as a result of injuries received during the course of such commission or attempt." *State v. Williams*, 172 W. Va. 295, 305 S.E.2d 251, 267 (1983).' Syl. Pt. 5, *State v. Mayle*, 178 W. Va. 26, 357 S.E.2d 219 (1987).").  Thus, we have definitively concluded that in order for felony-murder to apply, there must be a homicide. As we stated in the *Davis* case,

> [t]o date, the offense of felony murder, which *has its origins in the common law of this state, has always involved the death of a victim of the felony* or a police officer. *See State v. Wade*, 200 W. Va. 637, 490 S.E.2d 724 (1997); *Mayle*, 178 W. Va. at 28, 357 S.E.2d at 222, *State v. Williams*, 172 W. Va. 295, 305 S.E.2d 251 (1983); *State v. Dawson*, 129 W. Va. 279, 40 S.E.2d 306 (1946); *State v. Beale*, 104 W. Va. 617, 630, 141 S.E. 7, 12 (1927). Consequently, we flatly disagree with Petitioner's suggestion that our settled jurisprudence "offer[s] no insight on whether the Felony Murder statute requires proof of the death of the victim."

> At common law, a conviction for felony murder predicated on the offense of robbery *required a showing of a homicide committed by the defendant or by an accomplice in the attempt to commit or in the commission of a robbery*. *See Sims*,

6

162 W. Va. at 223, 248 S.E.2d at 841; *Robertson v. Commonwealth*, 1 Va.Dec. 851, 856, 20 S.E. 362, 364 (1894).

*Davis*, 229 W. Va. at 668, 735 S.E.2d at 265.

It is only when a homicide occurs during the commission of one of the statutorily enumerated felonies[6] that felony-murder becomes operable because it is the occurrence of the homicide that allows the transfer of intent involved in the underlying felony to fulfill the intent needed for first-degree murder. As the Court stated in *State v. Young*, 173 W. Va. 1, 311 S.E.2d 118 (1983),

> [t]he felony murder doctrine, as developed at common law, provides that where a homicide occurs in the course of, or as a result of, a separate, distinct felony, the felonious intent involved in the underlying felony may be transferred to supply the intent to kill necessary to characterize the homicide as murder. *See generally* 40 Am. Jur. 2d, Homicide, § 72 *et seq.* (1968); *Annot.*, 13 A.L.R. 4th 1226 (1982).

173 W. Va. at 16-17, 311 S.E.2d at 134. Accordingly, a felony-murder theory eliminates the State's burden to prove specific intent. The State, however, must still prove that a defendant intended to commit one of the statutorily enumerated felonies *and* that a homicide, even an accidental, unintended homicide, occurred during the commission or attempt to commit one of those enumerated felonies in order to reap the benefit of the transferred intent that a felony-murder theory provides. *See* W. Va. Code § 61-2-1. Succinctly stated, without a

---

[6]*See* W. Va. Code § 61-2-1.

7

homicide during the commission of a statutorily enumerated felony, the crime of felony-murder cannot be committed as the crime lacks intent. *Id*.

Turning to whether attempted felony-murder is a viable crime in this State, this Court has previously held in syllabus point one of *State v. Burd*, 187 W. Va. 415, 419 S.E.2d 676 (1991), that

> "[i]n order to constitute the crime of attempt, two requirements must be met: (1) *a specific intent to commit the underlying substantive crime*; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime." Syl. Pt. 2, *State v. Starkey*, 161 W. Va. 517, 244 S.E.2d 219 (1978).

(Emphasis added). Significantly, in so holding, the Court recognized that a vital element of *any* attempt crime is "a specific intent to commit the underlying substantive crime." 187 W. Va. at 415, 419 S.E.2d at 676, Syl. Pt. 1. Thus, in the context of attempted first-degree murder, this Court has determined that "[w]*here formation of criminal intent* is accompanied by preparation to commit the crime of murder and a direct overt and substantial act toward its perpetration, it constitutes the offense of attempted murder." *Id*., Syl. Pt. 2 (emphasis added). Conceptually, therefore, the crime of attempted felony-murder fails because the requisite specific intent requirement of any attempt crime is lacking. In other words, the intent in an attempted felony-murder is inextricably intertwined with the commission of one of the underlying felonies listed in the felony-murder statute, West Virginia § 61-2-1, and not the requisite specific intent to commit murder needed for an attempted murder. Further,

8

without a homicide, there is no transferred intent.  It is, therefore, a non sequitur to even suggest that a defendant can be convicted of attempted felony-murder.

The jury instruction given in this case exemplifies the fallacy that attempted felony-murder is a crime.  The jury was instructed on attempted felony-murder as follows:

> In order to find the defendant Marcus Stephen Sanders guilty of attempted first degree murder, you must find beyond a reasonable doubt that (1) the defendant Marcus Stephen Sanders (2) on or about December 9, 2014 (3) in Raleigh County, West Virginia, (4) did, during the commission of the felony crime of robbery or delivery of a controlled substance[7] (5) attempt to kill Christopher Greene, (6) and that he committed a substantial overt act toward the commission of the crime, (7) but which act fell short of completing the underlying crime.

(Footnote added).  This instruction relies upon the transferred intent derived from felony-murder, i.e., the intent to commit the underlying robbery, but without a homicide. The instruction is devoid of the requisite element of mens rea necessary for every attempt crime, which in this case would be the specific intent to kill Mr. Greene.  *See Burd*, 187 W. Va. at 415, 419 S.E.2d at 676, Syl. Pt. 1.  The instruction given to the jury, therefore, undeniably relieved the State from its burden of proving the specific intent necessary for every attempt crime.

---

[7]The petitioner is not charged with the underlying felony of delivery of a controlled substance in the indictment contained in the appendix record. The circuit court's docket sheet, which is also part of the appendix record, indicates that a motion to amend the indictment was granted, but neither the motion nor an amended indictment appears in the appendix record.

Thus, because the crime of attempt requires as one of its elements the specific intent to commit the underlying substantive crime, and because the only way that the transferred intent of felony-murder is achieved is if an actual homicide occurs, we now hold that attempted felony-murder is not a cognizable crime under West Virginia law.[8]

---

[8]It is within the prerogative of the Legislature to enact a new law establishing that certain acts constitute attempted felony-murder. Currently, however, only the State of Florida has codified the crime of attempted felony-murder as follows:

> (1) Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, or as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 9 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.

> (2) Any person who perpetrates or attempts to perpetrate any felony other than a felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 8 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.

> (3) When a person is injured during the perpetration of or the attempt to perpetrate any felony enumerated in s. 782.04(3) by a person other than the person engaged in the perpetration of or the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083,

(continued...)

10

By this decision, we join a majority of the jurisdictions that have examined this precise issue and have similarly rejected the crime of attempted felony-murder. *See State v. Moore*, 189 P.3d 1107, 1110 (Ariz. Ct. App. 2008) (holding that "attempted felony murder is not a cognizable offense in Arizona, and it is reversible error to convict a defendant of attempted felony murder"); *People v. Billa*, 79 P.3d 542, 546 n.4 (Cal. 2003) (stating that "California has no crime of attempted felony murder."); *People v. Stephenson*, 30 P.3d 715, 717 (Colo. App. 2000) (finding that attempted felony-murder "is non-existent because it is a 'logical impossibility[]'" and concluding that "defendant's conviction for 'attempted felony murder' cannot stand."); *Rambo v. State*, 939 A.2d 1275, 1281 (Del. 2007) (stating that "[a]ttempted felony murder is not recognized to be a crime in Delaware"); *State v. Pratt*, 873 P.2d 800, 812 (Idaho 1993) (determining that "*[a]ttempted* felony murder is not a crime in Idaho."); *People v. Viser*, 343 N.E.2d 903, 911 (Ill. 1975) (reversing conviction for attempted felony-murder, stating that "the unique characteristic of felony murder is that it does not include an intent to kill, and it was error to instruct the jury that the defendants could be found guilty of attempted murder in the absence of such an intent."); *Head v. State*, 443

[8](...continued)

> or s. 775.084, which is an offense ranked in level 7 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.

Fla. Stat. § 782.051 (West Supp. 2019). We further note that prior to the enactment of this statute, the Supreme Court of Florida expressly found that "the crime of attempted felony murder is logically impossible." *State v. Gray*, 654 So.2d 552, 553 (Fla. 1995), *superseded by statute as stated in Weatherspoon v. State*, 214 So.3d 578 (Fla. 2017).

11

N.E.2d 44, 50 (Ind. 1982) (reversing conviction for attempted murder, finding that "the felony-murder rule cannot be applied unless the death of another occurred by virtue of the commission or attempted commission of the underlying felony. In other words, absent death the applicability of the felony-murder rule is never triggered."); *State v. Robinson,* 883 P.2d 764, 767 (Kan. 1994) (stating that "Kansas does not recognize the crime of attempted felony murder."); *Bruce v. State*, 566 A.2d 103, 105 (Md. 1989) (holding that "[b]ecause a conviction for felony murder requires no specific intent to kill, it follows that because a criminal attempt is a specific intent crime, attempted felony murder is not a crime in Maryland."); *State v. Rhett*, 601 A.2d 689, 692 (N.J. 1992) (reversing attempted murder conviction because lower court incorrectly charged jury on requisite mental state for attempted murder, stating "an actor cannot attempt to cause death unless death is a conscious object of the actor's conduct. *See State v. Darby*, 200 N.J.Super. 327, 331, 491 A.2d 733 (App. Div. 1984) ('attempted felony murder' cannot be a crime because it is a self-contradiction; one does not intend an unintended result)."); *State v. Ortega*, 817 P.2d 1196, 1202 (N.M. 1991) (acknowledging that crime of attempted felony murder is not recognized in New Mexico), *abrogated on other grounds as stated in Kersey v. Hatch*, 237 P.3d 683 (N.M. 2010); *State v. Lea*, 485 S.E.2d 874, 880 (N.C. Ct. App. 1997) (holding that "offense of 'attempted first degree felony murder' does not exist" under North Carolina law); *State v. Nolan*, 25 N.E.3d 1016, 1018 (Ohio 2014) (finding that attempted felony-murder is not crime in Ohio); *Commonwealth v. Griffin*, 456 A.2d 171,177 (Pa. Super. Ct. 1983)

12

(stating that "it does not follow that those persons would be guilty of *attempted* murder if a killing did not occur. They would not be guilty of attempted murder because they did not *intend* to commit murder–they only intended to commit a felony or to commit bodily harm."); *State v. Kimbrough*, 924 S.W.2d 888, 892 (Tenn. 1996) (relying upon other jurisdictions finding attempted felony-murder does not exist and concluding that "one cannot intend to accomplish the unintended. Consequently, the offense of attempted felony-murder does not exist in Tennessee."); *State v. Bell*, 785 P.2d 390, 394 (Utah 1989) (determining that "in the face of logic, the conclusion is inescapable that the crime of attempted murder requires proof of intent to kill. Therefore, we also hold that attempted felony-murder does not exist as a crime in Utah."); *Goodson v. Commonwealth*, 467 S.E.2d 848, 856 (Va. Ct. App. 1996) (concluding that "[t]o allow use of the felony murder doctrine to impute specific intent from the intent to commit the underlying felony [in an attempted felony-murder case] would eliminate the Commonwealth's burden to prove a specific intent to kill as an element of attempted murder."); *In re Richey*, 175 P.3d 585, 587 (Wash. 2008) (concluding that the crime of attempted felony-murder does not exist in Washington because "[i]n electing to charge first degree felony murder, the State relieves itself of the burden to prove an intent to kill or, indeed, any mental element as to the killing itself. It follows that a charge of attempted felony murder is illogical in that it burdens the State with the necessity of proving that the defendant intended to commit a crime that does not have an element of intent."); *State v. Briggs,* 579 N.W.2d 783, 786 (Wis. Ct. App. 1998) (determining that "there is no

13

crime of attempted felony murder in the State of Wisconsin"); *see also State v. Gay*, 830

So.2d 356, 364 (La. Ct. App. 2002) ("There exists no such crime as *attempted* second degree

*felony* murder because that crime requires proof of specific intent to kill; this is inconsistent

with the felony murder theory of an unintentional killing. Thus, the crime of attempted

second degree murder cannot be based upon an underlying felony.") (citations omitted); *State*

*v. Dahlstrom*, 150 N.W.2d 53, 58 (Minn. 1967) (discussing attempted murder in third degree

and concluding, "[b]ut we cannot conceive of a factual situation which could make such

conduct attempted murder in the third degree where the actor did not intend the death of

anyone and where no death occurred."); *People v. Burress*, 505 N.Y.S.2d 272, 273 (N.Y.

App. Div. 1986) (holding that attempted second-degree murder is nonexistent crime).[9]

---

[9]Some states have not addressed this issue head-on, but have endorsed the majority view. *See, e.g., Cockrell v. State*, 890 So.2d 168, 172 (Ala. Crim. App. 2003), *aff'd*, 890 So.2d 174 (Ala. 2004) (discussing transferred intent and quoting *Poe v. State*, 671 A.2d 501, 504 (Md. 1996), wherein Maryland court noted "'[c]learly, there is no crime of attempted felony murder when no death occurs during the course of a felony. . . . Likewise, the doctrine of transferred intent does not apply to attempted murder when there is no death.'"); *Summerlin v. State*, 793 S.E.2d 477, 483 (Ga. Ct. App. 2016), *cert. denied,* No. S17C0595 (Ga. May 15, 2017) (declining to decide issue of whether attempt to commit felony-murder is crime in Georgia, but approving logic of majority of jurisdictions that had addressed issue and concluded that it is not crime); *Keys v. State*, 766 P.2d 270, 273 (Nev. 1988) (discussing specific intent to kill another person needed for attempted murder and recognizing that "[a]ttempted murder can be committed only when the accused's acts are accompanied by *express malice*, malice in fact. One cannot *attempt* to kill another with implied malice because there "'"is no such criminal offense as an attempt to achieve an unintended result."'"" *Ramos* [*v. State*], 95 Nev. [251] at 253, 592 P.2d [950] at 951 [(Nev. 1979)] (quoting *People v. Viser*, 62 Ill.2d 568, 343 N.E.2d 903, 910 (1975)). An attempt, by nature, is a failure to accomplish what one *intended* to do."); *see also State v. King*, 810 S.E.2d 18, 22 (S.C. 2017) (stating that "[w]hile it may seem counterintuitive for the attempt of a crime to require a

(continued...)

Similar to our reasoning, the Arizona court found in *Moore* that

> the concept of attempted felony murder presents a logical absurdity. Felony murder differs from murder . . . because the defendant may be found guilty of felony murder even when the killing is unintended. . . . There is no specific requirement of a culpable mental state regarding the homicide; rather, the requisite mental state is supplied by law from the accompanying felony. A.R.S. § 13-1105(B) (providing that felony murder "requires no specific mental state other than what is required for the commission of any of the enumerated felonies"); [*State v.*] *McLoughlin*, 139 Ariz. [481] at 485-86, 679 P.2d [504] at 508-09 [(Ariz. 1984)] ("[T]he *mens rea* necessary to satisfy the premeditation element of first-degree murder is supplied by the specific intent required for the felony."). As a result of this fictional transfer, the homicide is deemed in the eyes of the law to have been committed with the traditionally required malice or mental state.
>
> When attempt is attached to felony murder, however, the doctrine becomes nonsensical. Attempt requires intent to commit the target offense. A.R.S. § 13-1001. Therefore, if attempted felony murder were cognizable in Arizona, a defendant would need the specific intent to commit an intended felony that results in an unintended homicide. *This is, of course, the reductio ad absurdum, as there can be no criminal offense that requires an attempt to accomplish an unintended result.*

*Moore*, 189 P.3d at 1109 (some emphasis added); *accord Lea*, 485 S.E.2d at 880 ("We conclude that a charge of "attempted felony murder" is a logical impossibility in that it would require the defendant to intend what is by definition an unintentional result.").

---

[9](...continued)
higher level of *mens rea* than that of the completed crime, this is the majority rule and a rule that our appellate courts and General Assembly have followed. Consequently, . . . we hold that a specific intent to kill is an element of attempted murder.").

15

Likewise, the Supreme Court of Ohio concluded that attempted felony-murder was not a viable crime, reasoning:

> In sum, an attempt crime must be committed purposely or knowingly and intent to kill need not be proven for the state to obtain a conviction for felony murder, so that a person can be convicted of that offense even though the death was unintended. Thus, this case devolves to an anfractuous question: Can a person be guilty of attempting to cause an unintended death? We conclude that the court of appeals correctly determined that it is impossible to purposely or knowingly cause an unintended death. Accordingly, we hold that attempted felony murder is not a cognizable crime in Ohio.

*Nolan*, 25 N.E.3d at 1018. Moreover, the Superior Court of New Jersey aptly stated in *Darby*, "[a] felony murder, *i.e.*, a death caused neither knowingly [n]or purposely, is by definition not a result which is purposely planned. 'Attempted felony murder' is a self-contradiction, for one does not 'attempt' an unintended result." 491A.2d at 736. In other words, the "description of the purported crime of attempted felony murder is manifestly unintelligible. . . . The fact is that the concepts of attempt and felony murder cannot rationally be joined."[10] *Id*.

In addition to the plethora of legal authority supporting our decision, a review of our criminal statutory scheme unquestionably shows that our Legislature has already

---

[10]The only outlier jurisdiction to recognize the crime of attempted felony-murder is Arkansas and the Supreme Court of Arkansas did so without any analysis or thoughtful discussion of the issue. *See White v. State*, 585 S.W.2d 952, 953-54 (Ark. 1979).

16

addressed those instances where bodily injury occurs during the commission of a crime and provided for punishment.[11]  For instance, West Virginia Code § 61-7-12 (2014) provides for the crime of wanton endangerment involving a firearm, for which the petitioner in this case was charged, convicted, and sentenced on two counts for a determinate term of four years on one count and an enhanced effective sentence of eight years for the second count. Further, our robbery statute, West Virginia Code § 61-2-12 (2014), under which the petitioner also was convicted and received a twenty-year sentence, specifically provides for a severe punishment of "not less than ten years" when a defendant commits a robbery or attempts to commit robbery by use of violence to the victim, or by use of a firearm to threaten a victim.  *Id*.  Other crimes that provide for punishment for the bodily injury of a person during the commission of a crime include:  malicious or unlawful assault, assault, and battery, West Virginia Code § 61-2-9 (2014 and 2018 Supp.), and assault during commission of or attempt to commit a felony, West Virginia Code § 61-2-10 (2014).

In declining to extend attempted felony-murder beyond that which our case law and statutory law intended, we are in no way altering the traditional application of felony-

---

[11]*See Kimbrough*, 924 S.W.2d at 891-92 (providing that "[c]onsidering that the legislature has already enacted specific offenses covering situations in which death or injury is threatened or occurs during the commission of certain felonies, we conclude that to extend the felony-murder rule to cases in which no death occurs would 'extend the scope of the doctrine beyond the pale of its statutory design and logical underpinnings.' *Head v. State*, 443 N.E.2d 44, 51 (Ind. 1982).").

murder as set forth in West Virginia Code § 61-2-1, which unquestionably requires that a homicide occur.  Moreover, when there is a specific intent to murder another person during the commission of a felony but no death occurs, attempted murder may be charged because of the presence of specific intent.  *See Burd*, 187 W. Va. at 415, 419 S.E.2d at 676, Syl. Pts. 1 and 2.

## IV.  Conclusion

Based upon the foregoing, we reverse the petitioner's conviction and sentence imposed for attempted felony-murder and remand this case to the Circuit Court of Raleigh County for resentencing.

Reversed and remanded.