STATE OF LOUISIANA IN
THE INTEREST OF R.B.

*     NO. 2022-CA-0277

*     COURT OF APPEAL

*     FOURTH CIRCUIT

*     STATE OF LOUISIANA

*

*

* * * * * * *

**LOBRANO, J., CONCURS AND ASSIGNS REASONS.**

I fully concur in the opinion of the majority. I write only to reinforce some of the conclusions of the majority. I agree with the majority's affirmation of R.B.'s delinquency adjudication of armed robbery of Mr. Crafton on Constance Street, which R.B. received a disposition of Juvenile Life.

I also agree with the majority to remand the matter to the juvenile court with instructions to amend the written judgment so that it correctly reflects the adjudicated delinquencies and dispositions set forth in the transcript. The transcript conflicts with the written judgment in two critical aspects. The transcript reflects that R.B. was adjudicated delinquent of and received a disposition on, *inter alia*, one count of principal to armed robbery of Mr. Crafton[1] and one count of illegal carrying of weapons, a violation of La. R.S. 14:95(A), whereas the written judgment reflects adjudications and dispositions on two counts of principal to armed robbery and one count of minor in possession of a firearm, a violation of La. R.S. 14:95.8. Where there is a conflict between the court reporter's transcript and the written judgment, the transcript controls. *State v. Rodriguez*, 550 So.2d 837, 843 n. 3 (La. App. 2d Cir. 1989) (citing *State v. Herbert,* 508 So.2d 973, 974 (La.

---

[1] R.B. was not charged with the armed robbery of Mr. Estrella, with which offense his codefendant, J.K., was charged.

1

App. 4th Cir. 1987); *State v. Pleasant,* 541 So.2d 401, 401 (La. App. 4th Cir. 1989)). Thus, a remand is necessary in this case.

**Attempted Second Degree Murder (La. R.S. 14: (27), 30.1(A)(1))**

Additionally, I agree with the majority to reverse R.B.'s delinquency adjudication of attempted second degree murder of Ms. Mantle. The State failed to present any evidence to prove that R.B. possessed the requisite mental state or desire to kill Ms. Mantle. Evidence showed that R.B. had on his person Mr. Rumsey's Jeep car key at the time of his arrest, he was identified as being an accomplice to the armed robbery of Mr. Crafton on Constance Street, and was in the Jeep on Constance Street during the commission of the armed robbery of Mr. Crafton, which was twenty-four minutes before the Jena Street shooting. Thus, it is reasonable to conclude that such evidence established that R.B. was at the Jena Street shooting in the Jeep, was concerned in and aided and abetted the commission of the attempted armed robbery of Ms. Mantle, and was a principal to the attempted armed robbery of Ms. Mantle.[2] Although the State's uncontroverted evidence was reasonably sufficient to place R.B. in the Jeep at the scene of the Jena Street shooting, it was insufficient to establish that R.B. possessed the requisite mental state or desire to kill Ms. Mantle.

**Attempted Second Degree Felony-Murder (La. R.S. 14: (27), 30.1(A)(2))**

While the State must prove that a defendant had the specific intent to kill in order to convict the defendant of attempted second degree murder under La. R.S. 30.1(A)(1)),[3] second degree felony-murder does not contain a specific intent element. *See* La. R.S. 14:30.1(A)(2). Second degree felony-murder is "the killing of a human being . . . [w]hen the offender is engaged in the perpetration or attempted perpetration of [certain enumerated offenses including armed robbery],

_____

[2] R.B. was not charged with the armed robbery of Ms. Mantle.

[3] S*ee State ex rel. G.B.*, 07-1577, p. 4 (La. App. 4 Cir. 5/14/08), 985 So.2d 828, 830.

2

even though he has no intent to kill or to inflict great bodily harm." La. R.S. 14:30.1(A)(2). La. R.S. 14:27 provides: "Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended . . . ."

The Louisiana First, Second, and Fifth Circuit Courts of Appeal have held that attempted second degree felony-murder is not a cognizable crime under Louisiana law.[4] The Supreme Court has grappled with but has not definitively resolved this issue:

> This author's [Justice Lemonn] concurring opinion (joined by Chief Justice Dixon) [in *State v. Booker*, 385 So.2d 1186 (La. 1980)] reasoned that second degree murder at the time was an unintentional killing in the course of an enumerated felony and that there was no such crime as *attempted* second degree murder, inasmuch as an attempt is a specific intent crime and a person cannot specifically intend to do something unintentionally.
>
> \*        \*        \*        \*
>
> Subsequently, in *State v. Stewart,* 400 So.2d 633 (La.1981), this court (with three justices pro tempore participating) upheld a verdict of attempted second degree murder under circumstances in which the evidence *was sufficient* to establish the attempted commission of one of the enumerated felonies.
>
> The author is now convinced that there is such a crime as attempted second degree murder (as then defined), since the definition of attempted second degree (felony) murder may reasonably be construed to include

---

[4] *See State v. Martin*, 11-1843, p. 6 (La. App. 1 Cir. 5/2/12), 92 So.3d 1027, 1031 ("[T]here is no such crime as attempted second degree *felony* murder.") (emphasis in original); *State v. Gay*, 36,357, p. 11 (La. App. 2 Cir. 10/23/02), 830 So.2d 356, 364 ("[T]here exists no such crime as *attempted* second degree *felony* murder because that crime requires proof of specific intent to kill; this is inconsistent with the felony murder theory of an unintentional killing. Thus, the crime of attempted second degree murder cannot be based upon an underlying felony.") (emphasis in original) (internal citations omitted); *State v. Landfair*, 07-751, pp. 4-5 (La. App. 5 Cir. 3/11/08), 979 So.2d 619, 622 ("[T]here is no such crime as attempted second degree felony murder. Rather, attempted second degree murder requires the specific intent to kill, and this is inconsistent with the felony murder theory of LSA-R.S. 14:30.1(A)(2)(a). Thus, the crime of attempted second degree murder cannot be based on an underlying felony.") The majority of the state courts that have examined this precise issue have rejected the crime of attempted felony-murder. *See State v. Sanders*, 241 W. Va. 590, 595-97, 827 S.E.2d 214, 219-21 (2019) (collecting cases).

the conduct of one who either does or does not specifically intend to kill, when the killing occurs during the commission of an enumerated felony. La.R.S. 14:30.1 defined (and still defines) second degree murder as a homicide committed in the course of an enumerated felony, "even though" the offender had no specific intent to kill. Therefore, it is reasonable to assume that use of the words "even though" (rather than "when") signified a legislative intent for the statute to apply when the homicide was *either* intentional or nonintentional.

*State ex rel. Elaire v. Blackburn*, 424 So.2d 246, 250 & n. 11 (La. 1982) (emphasis in original). Some states have enacted laws establishing that certain acts constitute attempted second degree felony-murder, *see, e.g.* Fla. Stat. Ann. § 782.051 (West) (where the State of Florida codified the crime of attempted felony-murder); however, the Louisiana legislature has not enacted a law codifying the crime of attempted second degree felony-murder. This legal issue was not raised by either party in the appellate briefs and thus is not before the Court. *Libertas Tax Fund I, LLC v. Taylor*, 21-0550 (La. App. 4 Cir. 6/16/22), --- So.3d ---, ---- n. 3, 2022 WL 2184583, *1 n. 3.